**John David RANKIN, Petitioner,**

**v .**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.**

**No. 71–846–Civ–J–M.**

United States District Court, M. D. Florida, Jacksonville Division.

Dec. 20, 1972.

James L. Powers, Jacksonville, Fla., for petitioner.

Robert L. Shevin, Atty. Gen., State of Florida, and Richard W. Prospect, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

ORDER

WILLIAM A. McRAE, Jr., Chief Judge.

On September 24, 1964, petitioner John David Rankin, an inmate at the Florida State Prison, was tried for the offense of escape before a jury and found not guilty. Following his trial, and in disregard of the acquittal, he was placed in solitary confinement for a period of 15 months, at the Florida State Prison, as punishment for his alleged escape. Because of this confinement, petitioner was not permitted "gain time" which would have amounted to 313 days. In addition, pursuant to provisions of Fla.Stat. § 944.28(1) (1971), respondent exercised his discretion to deprive petitioner of 686 days of accrued "gain time." Consequently, petitioner lost 999 days of "gain time." If this "gain time" had not been forfeited, petitioner would now be eligible for mandatory release.

Fla.Stat. § 944.28(1), "[f]orfeiture of gain time and right to earn gain time in the future," provides in pertinent

part, "[w]hen a prisoner escapes . . , the division shall, without notice or hearing, declare a forfeiture of all gain time earned and extra gain time allowed such prisoner, if any, prior to such escape . . . ." In view of the fact that when a prisoner is charged with unsuccessfully attempting to escape, Fla.Stat. § 944.28(2)(a), provides for (1) the charge of the offense to be delivered to the prisoner, (2) the prisoner to be notified of a hearing, and (3) the prisoner to be present at the hearing, it is crystal clear that Fla.Stat. § 944.28(1), applies only when the prisoner has been adjudicated guilty of the crime of escape.

 Since the petitioner has been acquitted by a jury of the charge of escape, due process requires that he be afforded an administrative hearing to contest the allegation of escape. *See* Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Clearly, the forfeiture of gain time prolongs the day in which a prisoner is permitted to gain his freedom. Accordingly, this Court believes that minimum standards of due process require (a) written notice of the alleged escape; (b) disclosure to petitioner of evidence against him; (c) an opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; (f) unqualified access to legal materials, within the prison, in preparation of his defense; and (g) a written statement by the fact finders as to the evidence relied on and the reasons for forfeiting petitioner's gain time, if the hearing body does in fact find that petitioner escaped from prison.

It is, therefore,

Ordered:

1. Respondent is directed to release petitioner John David Rankin from his custody forthwith, unless, within thirty (30) days, an administrative hearing is held to determine petitioner's guilt or innocence on the charge of escape.

2. If a hearing is held, it is to be governed by minimum standards of due process, which include (a) written notice of the alleged escape; (b) disclosure to petitioner of evidence against him; (c) an opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; (f) unqualified access to legal materials, within the prison, in preparation of his defense; and (g) a written statement by the fact finders as to the evidence relied on and the reasons for forfeiting petitioner's gain time, if the hearing body does in fact find that petitioner escaped from prison.

3. If a hearing is held, respondent is directed to supply promptly to this Court the judgment and findings of the hearing body.

4. This Court will retain jurisdiction of the case.