344 So.2d 577 (1977)
William R. MORGAN, Jr., Appellant,
v.
Al COOK, etc., et al., Appellees.
No. 50190.
Supreme Court of Florida.
March 31, 1977.
Richard L. Jorandby, Public Defender, and Henry Prettyman, Special Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Harry M. Hipler, Asst. Atty. Gen., for appellees.
BOYD, Justice.
In February of 1973, while in state custody on a robbery conviction, William R. Morgan, Jr. escaped. Approximately ten months later he was arrested. Under the authority of Section 944.28(1), Florida Statutes (1973),[1] the Department of Offender Rehabilitation declared all Morgan's earned gain time and any extra gain time allowed him to be forfeited. Morgan petitioned the Circuit Court of the Fifteenth Judicial Circuit for a writ of habeas corpus, attacking the constitutionality of Section 944.28(1), Florida Statutes (1973). The Circuit Court denied the petition. Morgan's appeal to the District Court of Appeal, Fourth District, was transferred here. We have jurisdiction.[2]
For the reasons stated in Rankin v. Wainwright, 351 F. Supp. 1306 (M.D.Fla. 1972), the statute is constitutional. The Circuit *578 Court's denial of the petition for a writ of habeas corpus is affirmed.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
NOTES
[1] "944.28 Forfeiture of gain time and right to earn gain time in the future.  (1) When a prisoner escapes or a conditional pardon or parole granted to him by the board of pardons or the parole and probation commission is revoked, the division shall, without notice or hearing, declare a forfeiture of all gain time earned and extra gain time allowed such prisoner, if any, prior to such escape or his release under such conditional pardon or parole, as the case may be." We note the statute has been amended by Chapter 74-112, Laws of Florida, and as amended is not subject to Morgan's objections.
[2] Art. V, § 3(b)(1), Fla. Const.