PER CURIAM.
Hanks, an inmate, petitions for writ of habeas corpus. He is serving consecutive five year sentences for two escape convictions. His accumulated gain-time was taken away without notice or hearing due to those convictions. He contends he was denied due process as afforded by Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The state merely responds by quoting Section 944.28(1) (1977), which permits the Division, without notice or hearing, to declare a forfeiture of all gain-time earned by the prisoner prior to escape following his conviction for escape.
Despite the intriguing question raised by petitioner and the inadequate return by the state, we are compelled to deny the petition. The Florida Supreme Court in Morgan v. Cook, 344 So.2d 577 (Fla.1977) considered the same point and found 944.28(1) constitutional, relying on Rankin v. Wainwright, 351 F.Supp. 1306 (M.D.Fla.1972). Our review of the record in Morgan v. Cook shows petitioner pled guilty and was sentenced to six months for his escape. Although the rationale is not set out in the opinion, apparently the Supreme Court found the judicial determination of guilt in the escape attempt was sufficient due process for the forfeiture of gain-time.
The petition is DENIED.
MILLS, A. C. J., and ERVIN and BOOTH, JJ., concur.