SMITH, Acting Chief Judge.
Wright, a state prisoner, petitions for a writ of habeas corpus alleging that respondent Wainwright has taken his liberty, in the form of gain-time, without due process of law.
Wright escaped from a state road prison, was apprehended, and pleaded guilty to a charge of escape. The trial judge accepted his guilty plea, without informing him that *12 he might lose his accumulated gain-time upon his return to prison, and sentenced him to serve one year and one day to run consecutively with his existing sentence. Wright alleges that, on returning to prison, officials told him he had “automatically” forfeited 260 days of gain-time on his prior sentence because of his escape and conviction. Wright seeks restoration of his forfeited gain-time because he was not given notice or a hearing to contest the forfeiture, which Wright urges is guaranteed by the due process clause of the fourteenth amendment to the United States Constitution.
Section 944.28(1), Florida Statutes (1977), provides that:
(1) If a prisoner is convicted of escape, or if the clemency or parole granted to him is revoked, the Department of Offender Rehabilitation may, without notice or hearing, declare a forfeiture of all gain-time earned and extra gain-time allowed such prisoner, if any, prior to such escape or his release under such clemency or parole, as the case may be.
The Florida Supreme Court recently held that Section 944.28(1) does not offend constitutionally guaranteed due process rights. Morgan v. Cook, 344 So.2d 577 (Fla.1977), followed by this court in Hanks v. Wainwright, 360 So.2d 783 (Fla. 1st. DCA 1978). Moreover, the statute’s express provision for forfeiture without notice or hearing forecloses any hearing remedy Wright might otherwise have under Section 120.57, Florida Statutes (1977), as a person whose substantial interests are determined by an agency. See Florida Dep’t of Offender Rehab. v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978).
We do not pass on whether the potential forfeiture of gain-time, discretionary under the present statute but allegedly automatic in practice, is in law or in practice part of the minimum mandatory or maximum possible penalty contemplated by Rule 3.172(c)(i), Fla.R.Crim.P., of which the trial judge should have advised Wright before accepting his guilty plea. See Williams v. State, 316 So.2d 267, 271 (Fla.1975). That issue must be raised, if at all, by an appropriate attack on the judgment and sentence.
The petition is DENIED.
ERVIN and BOOTH, JJ., concur.