Louie L. Wainwright Secretary Department of Offender Rehabilitation Tallahassee
QUESTIONS:
1. Does s. 944.275, F. S. (1978 Supp.), affect all inmates incarcerated by the Department of Offender Rehabilitation on July 1, 1978?
2. If the answer to question 1 above is no, does s. 944.275, F. S. (1978 Supp.), apply to all persons sentenced after July 1, 1978, or only to persons sentenced for crimes committed after July 1, 1978?
SUMMARY:
House Bill 811 [s. 944.275, F. S. (1978 Supp.)], which revises the method of granting gain-time, applies to all inmates incarcerated by the Department of Offender Rehabilitation on July 1, 1978, the effective date of the bill.
House Bill 811 [now codified as s. 944.275, F. S. (1978 Supp.)], the effective date of which is July 1, 1978, revised the formula by which gain-time may be granted to prisoners by the Department of Offender Rehabilitation. Sections 944.27, 944.271, and 944.29, F. S., were repealed and a new s. 944.275, F. S. (1978 Supp.), was created to replace the repealed sections. I have found nothing in the new s. 944.275, or in any section of H.B. 811, or in the title to the bill, indicating that the new gain-time provisions were not intended to apply to all prisoners incarcerated by the Department of Offender Rehabilitation on July 1, 1978. There is no language in the bill limiting or delaying application to those prisoners sentenced after July 1, 1978, nor is there any language limiting application to those prisoners incarcerated for crimes committed after July 1, 1978. In addition, I know of no constitutional prohibition or rule of construction which would be invoked or violated by the application of the new formula to all inmates incarcerated by the department as of the effective date of the act (July 1, 1978). I find nothing to indicate that the statute will not operate prospectively only. Also, nothing in H.B. 811 imposes any additional penalty for a crime already committed, or makes more severe punishment already imposed, and nothing in the bill purports to deprive any inmate of any vested, enforceable right.
Although the courts have imposed certain procedural requirements as being necessary to guarantee due process when previously granted gain-time is to be forfeited by action of an administrative agency, such as the Department of Offender Rehabilitation, e.g., Rankin v. Wainwright, 351 F. Supp. 1306
(M.D.Fla. 1972), it seems clear that the Legislature's allowance of gain-time and its modification, restriction, or even abolition of gain-time is subject to the broad discretion of the Legislature. The courts have repeatedly emphasized that the allowing of gain-time is an act of grace, and that a prisoner has no right to receive gain-time absent the Legislature's exercise of its grace or discretion. Similarly, the courts have emphasized the Legislature's power to make whatever changes it deems prudent in the gain-time procedure. In Dear v. Mayo, 14 So.2d 267 (Fla. 1943), the court stated: `Parole and gained time is granted by the sovereign as a matter of grace rather than of right,' and that `[t]he state may offer such grace under and subject to such conditions as it may consider most conducive to accomplish the desired purpose.' (Emphasis supplied.) In Mayo v. Lukers,53 So.2d 916, 917 (Fla. 1951), it was stated that `[t]he cases generally hold that the granting of the gain-time allowance is an act of grace rather than a vested right which may be withdrawn, modified, or denied, dependent on the course of conduct of the prisoner.' And, in Kimmons v. Wainwright, 338 So.2d 239 (1 D.C.A. Fla., 1976), the court stated that `[g]ain-time is given to prisoners through the beneficence of the Legislature, and the Legislature has full authority to establish the terms and conditions thereof.'
Thus, your first question is answered in the affirmative, and, accordingly, your second question need not be addressed.
Prepared by: Jerald S. Price, Assistant Attorney General