290 So.2d 129 (1974)
Arnold FLICKER, Petitioner,
v.
The Honorable Edwin DUFF, II, Sheriff of Volusia County, Florida, Respondent.
No. V-73.
District Court of Appeal of Florida, First District.
February 14, 1974.
Maurice Wagner, Holly Hill, for petitioner.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
RAWLS, Chief Judge.
By petition for writ of habeas corpus, petitioner, Arnold Flicker, seeks bail pending trial for the crime of first degree murder. Petitioner alleges that he has made numerous efforts to obtain bond beginning on or about the 16th day of October, 1973, and that at a preliminary hearing held on November 9-10, 1973, the committing magistrate after conclusion of said proceedings "did find that the proof of the defendant Flicker's guilt appeared to be evident, presumption of defendant's guilt appeared to be great, and therefore the defendant's application for bail submitted at the beginning *130 of that hearing was denied." Petitioner further alleges that in subsequent proceedings in the name of habeas corpus and petition for rehearing, he sought application for bail  the last denial of same being on the 7th day of January, 1974.
The instant petition alleges that no evidence was presented before any court which would support the denial of petitioner's right to bail in that all evidence of his alleged guilt in the instant cause that has been considered by the Circuit Court and the committing magistrate is circumstantial or hearsay evidence. The petitioner fails to support the foregoing allegations by any record other than the bald allegations recited. Petitioner's attorney does attach to the instant petition extensive directions to the clerk to prepare and transmit to this Court the extensive record that has been developed concerning this question.
It is elementary that the office of the extraordinary writ of habeas corpus is to inquire into the legality of the restraint of any person, and a petition for same must make out a prima facie case. The bald allegations made by petitioner are not supported by any record. A petition for writ of habeas corpus does not serve as a notice of appeal from the denial of bail. As stated by Mr. Justice Dekle in State ex rel. Scaldeferri v. Sandstrom, 285 So.2d 409 (Fla. 1973):
"If a proceeding on bail is filed in the appellate court as a petition for habeas corpus and is accompanied by a sufficient record and affidavits for a determination in the appellate court it is proper for review there."
As stated above, the subject petition is not accompanied by any record nor any affidavits for determination or consideration by this Court. Directions to the clerk filed by petitions of attorney are not proper in the original proceeding of habeas corpus. An appeal was available to petitioner for an orderly review of the grievances alleged. State v. Thursby, 184 So.2d 505 (1 Fla. App. 1966).
The subject petition for writ of habeas corpus is denied.
SPECTOR and JOHNSON, JJ., concur.