338 So.2d 1128 (1976)
Dennis Michael MYERS, Appellant,
v.
Hon. Reubin O'D. ASKEW et al., Appellees.
No. 75-1504.
District Court of Appeal of Florida, Fourth District.
October 29, 1976.
*1129 Richard L. Jorandby, Public Defender, and Daniel T. O'Connell and Craig Barnard, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for appellees.
ALDERMAN, Judge.
This is an appeal from a Circuit Court order denying appellant's petition for writ of habeas corpus. Appellant is an inmate at the Lantana Correctional Facility. During confinement he was charged in five disciplinary reports with infractions of rules, and as a consequence, pursuant to hearings before various disciplinary committees, was deprived of 115 days' gain-time. Appellant alleges that his gain-time was taken without due process of law in that (1) he was denied a neutral and detached hearing body; (2) there were no written statements by the disciplinary committees as to the evidence relied on and the reasons for the disciplinary actions taken; and (3) the decisions of the disciplinary committees were not based on evidence adduced at the hearing.
The United States Supreme Court has recognized that a state, at its option, may or may not create a right to a shortened prison sentence through the accumulation of credits for good behavior. But the state having created the right may not thereafter take it away without first providing minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state created right is not arbitrarily abrogated. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
The Legislature of the State of Florida authorized the Department of Offender Rehabilitation to adopt and promulgate regulations for the administration of the correctional system including conduct to be observed by prisoners, punishment of prisoners and gain-time. Chapter 945.21, Florida Statutes (1975). Pursuant to this authorization the Division of Corrections adopted regulations for the operation of institutions which have been published as Chapter 10B-12 of the Florida Administrative Code.
This Court must first consider and determine whether, within the scope of the issues raised by this appeal, the regulations in question are sufficient under the circumstances to meet the requirements of due process. If they are found to be sufficient we must also determine if appellees in fact complied with the regulations.

I

NEUTRAL AND DETACHED HEARING BODY
Section 10B-12.08(1) of the Regulations provides:
"The Director shall authorize the composition of an impartial team or teams at each correctional institution which shall administer discipline and shall authorize punishment for violation of any rules of prohibited conduct as listed by an inmate; provided, however, that such authority to punish shall be subject to the approval of the Superintendent and the Director as hereinafter provided. Any member of *1130 the disciplinary committee should be disqualified as a committee member if has participated as an investigating officer, was a witness, initiated the charge, or is the person designated to review the decision of the disciplinary committee."
Measured against Wolff, supra, we conclude that this regulation for the impaneling of disciplinary committees meets the requirements of due process. The fact that a disciplinary committee is composed of prison officials, in and of itself does not mean that an accused inmate is deprived of his right to have an accurate and fair fact finding determination prior to imposition of sanctions. Provided that no member of the disciplinary team has participated or will participate in the case as an investigating or reviewing officer, or is a witness or has personal knowledge of material facts related to the involvement of the accused, or is otherwise personally interested in the outcome of the disciplinary proceeding, a hearing team comprised of prison officials will satisfy the due process requirement of a "neutral and detached hearing body." Clutchette v. Procunier, 497 F.2d 809, 820 (9th Cir.1974).
We next consider whether the actual composition of the disciplinary teams complied with Rule 10B-12.08(1). Appellant contends that he was not afforded a "neutral and detached" hearing body in two instances. In reference to exhibit 1, appellant alleges that Mr. Wilcox was a member of the disciplinary committee even though he had witnessed the offense charged and had a preconceived notion of appellant's guilt. We have reviewed the testimony of Mr. Wilcox at the habeas corpus hearing and agree with appellant. Mr. Wilcox, having witnessed the offense charged and having a preconceived notion of appellant's guilt, should have been disqualified in this instance as a member of the disciplinary team.
Appellant also alleges, as to exhibit 4, that Mr. Pearson was chairman of the disciplinary committee even though he had previously been made aware of personal threats directed at him by appellant. From our review of the record we find no showing that Mr. Pearson's knowledge of appellant's threat deprived appellant of a "neutral and detached" hearing body. The alleged threat had nothing to do with the pending charge. In some instances personal animosity and feeling between a prisoner and a particular prison official may require that the official involved be disqualified from serving on a disciplinary committee involving that prisoner. But to say that a prison official is disqualified in every instance where a threat has been made against him by a prisoner would place in the hands of the prisoner population a method by which they could disqualify all prospective members of disciplinary committees. In the absence of a showing that Mr. Pearson was in fact prejudiced by the alleged threat we hold that he was not disqualified.

II

STATEMENT OF EVIDENCE RELIED ON AND REASONS FOR THE DISCIPLINARY ACTION
The United States Supreme Court in Wolf, supra, 418 U.S. at 565, 94 S.Ct. at 2979, specifically held that there must be a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." This exact language has been incorporated into Chapter 10B-12(13)(h), Florida Administrative Code, which provides in part that "upon conclusion of the hearing, the Disciplinary Team will write a statement as to the evidence relied on and reasons for the disciplinary actions." This portion of the regulations obviously complies with the mandate of Wolff, supra.
Testing this case against the unambiguous requirement of Wolff, supra, and Chapter 10B-12(13)(h), supra, we find that disciplinary reports, marked as exhibits 1, 2, 3 and 4, are defective in that they contain no statements as to the evidence relied on by the disciplinary teams. The disciplinary report marked as exhibit number 5 is sufficient.

*1131 III

DISCIPLINARY ACTION NOT BASED ON EVIDENCE ADDUCED AT THE HEARING
The charging officers did not testify at the hearings on the disciplinary reports marked as Exhibits 1, 2, 3 and 4. Appellant contends that failure of the disciplinary teams to require the testimony of the charging officers prior to finding appellant guilty was an arbitrary abuse of discretion, exceeded the power of the hearing committees, and constituted a denial of due process.
In Wolff, supra, at 567, 94 S.Ct. 2963, the United States Supreme Court recognized that even though an individual threatened with serious sanctions would normally be entitled to present witnesses and relevant documentary evidence, in a prison situation we must balance the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommodation is required. Wolff held that confrontation and cross-examination are not "at the present time" constitutionally compelled. (418 U.S. at 567, 94 S.Ct. 2963.) The court concluded that the better course at this time, in a period where prison practices are diverse and somewhat experimental, is to leave these matters to the sound discretion of the officials of state prisons.
Chapter 10B-12(11), Florida Administrative Code, provides:
"(11) The chairman of the Disciplinary Team, or a majority of the members of the Disciplinary Team, have the authority to initiate the following actions:
"(a) To require the person filing the charges personally appear before the Disciplinary Team at the time of the hearing.
"(b) To request that the investigating officer personally appear before the Disciplinary Team at the time of the hearing.
"(c) To request available resource personnel such as medical staff, work supervisors, psychologists, or other personnel in a consultant capacity.
"(d) To require the inmate file and medical records to be made available at all hearings.
"(e) To restrict questions and answers to relevant matter to preserve decorum and to limit repetition.
"(f) To postpone the hearing for a good and valid reason."
In addition, Chapter 10B-12(13)(j), Florida Administrative Code, provides:
"(13) Whenever the disciplinary report is of such a nature to warrant consideration of disciplinary confinement and/or loss of gain time, the Disciplinary Team shall conduct the disciplinary hearing, observing the following rules:
* * * * * *
"(j) The inmate or the Disciplinary Team may request material witnesses. The chairman will call those witnesses (staff or inmates) who are available and who are determined to be necessary for an appreciation of the circumstances. Repetitive witnesses will not be called. Unavailable witnesses may submit written statements. Witnesses will not be called if doing so would create a risk or reprisal or would undermine authority. The inmate witness must be willing to testify. An inmate witness may elect to offer an oral or written statement to the investigating officer in lieu of a personal appearance before the Disciplinary Team. The chairman should note in the report the reasons for declining to call requested witnesses."
We hold that these regulations provide a sufficient framework within which prison officials may exercise sound discretion as to a prisoner's right of confrontation and cross-examination. Wolff v. McDonnell, supra; See also Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).
*1132 Applying the provisions of Chapter 10B-12(13)(j) to the present case it does not appear from the record that appellant ever requested that the charging officers be called as material witnesses. There having been no request we cannot say that there was an abuse of discretion.

CONCLUSION
The order of the Circuit Court discharging the writs of habeas corpus and remanding appellant to the Division of Corrections is reversed. As to disciplinary reports, marked as exhibits 1, 2, 3 and 4, appellant is entitled to new disciplinary hearings in compliance with Chapter 10B-12, Florida Administrative Code.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
DOWNEY, J., and DANAHY, PAUL W., Jr., Associate Judge, concur.