363 So.2d 833 (1978)
Adrian SWAREZ, Appellant,
v.
Louie L. WAINWRIGHT Etc., Appellee.
No. II-248.
District Court of Appeal of Florida, First District.
October 3, 1978.
Rehearing Denied November 21, 1978.
*834 William G. Babcock, Gainesville, for appellant.
Robert L. Shevin, Atty. Gen. and Horace Schow, II, Asst. Atty. Gen., for appellee.
PER CURIAM.
This cause is before us on appeal from the order of the trial court denying petition for writ of habeas corpus finding that petitioner "has failed to establish that the disciplinary proceedings taken against him were such as to deny him due process of law."
Petitioner, appellant herein, forfeited 200 days of gain time and was sentenced to disciplinary confinement for a period not to exceed 90 days, as a result of being found guilty of involvement in a disturbance at Raiford. The charges against appellant were unarmed assault, participating in a disturbance and disorderly conduct.
The record establishes that appellant was furnished with a copy of the disciplinary report containing the charges against him and that a disciplinary hearing, at which petitioner was allowed to call a witness, was duly held. Appellant was identified by a number of eyewitnesses as the inmate who struck Officer Morris. Appellant has not denied the assault, but contends that his procedural rights were violated by appellee's failure to call all of the witnesses he requested and failure to furnish copies of the report of investigation or incident reports as well as written reports of the evidence against him.
On consideration of the record, briefs and argument of counsel, we find that respondent's failure to call all witnesses requested does not violate petitioner's basic rights[1] or the Florida Administrative Code.[2] Appellant was furnished with a copy of the charges against him in advance of the hearing and was informed of the information contained in the reports. In view of the possible risk of reprisal against inmates and officers who are witnesses to the disturbance, further disclosure was not required. Finally, we note that appellant's attack on the impartiality of the panel is patently devoid of merit.
Accordingly, the judgment below is AFFIRMED.
BOYER, Acting C.J., and SMITH and BOOTH, JJ., concur.
NOTES
[1] Wolff v. McDonnell, 418 U.S. 539, 566-569, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
[2] Fla. Admin. Code § 33-3.08(13)(i).