368 So.2d 117 (1979)
Harvey B. ROBERTS, Appellant,
v.
D.H. BRIERTON et al., Appellee.
No. KK-313.
District Court of Appeal of Florida, First District.
March 8, 1979.
*118 Harvey B. Roberts, in pro. per.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellees.
PER CURIAM.
Roberts appeals from a summary denial of a petition for a writ of habeas corpus. We reverse and remand with instructions that the trial court issue an order to show cause to appellees.
The petition alleged that Roberts was denied due process of law in a disciplinary proceeding. Though he lists several grounds, the one we find to be meritorious under the circumstances of this case is that he was refused the opportunity to call witnesses in his own defense.
While we recognize that Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), does not require that an inmate be allowed to call witnesses on his own behalf, it does state that an inmate should be allowed to call witnesses "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." There being no record developed in this case, there is no evidence or allegation by the state that the calling of the witnesses requested would have created such a hazard.
Furthermore, Rule 33-3.08(13)(i), F.A.C., provides:
"(i) The inmate or the Disciplinary Team may request material witnesses. The chairman will call those witnesses (staff or inmates) who are available and who are determined to be necessary for an appreciation of the circumstances. Repetitive witnesses will not be called. Unavailable witnesses may submit written statements. Witnesses will not be called if doing so would create a risk or reprisal or would undermine authority. The inmate witness must be willing to testify. An inmate witness may elect to offer an oral or written statement to the investigating officer in lieu of a personal appearance before the Disciplinary Team. The chairman should note in the report the reasons for declining to call requested witnesses."
We reject appellees' contention that since the charge was the inmate's refusal to work, the only fact to be established was that he did or did not work. Surely appellees would not contend that an inmate who is physically incapacitated could be disciplined for refusal to report to work, yet the procedure suggested by appellees would provide the inmate no opportunity to present witnesses, medical personnel, for example, to prove he was incapacitated. The need for an inmate in this situation to be able to call witnesses to explain the circumstances of the alleged disciplinary violation is apparent.
We are not ruling that the trial court must issue a show cause order or grant an evidentiary hearing everytime an inmate makes a conclusory allegation that he was denied the opportunity to call witnesses in his own behalf. The facts of this case are compelling. This petition makes detailed factual allegations: it states that Roberts filed a written request before the hearing and made a verbal request at the hearing; it alleges that two of the witnesses he had requested had been "interviewed" before the hearing by staff and were not called for the hearing; and it names the witnesses he wanted to call, two of whom were medical personnel. There being no record, we do not know if witnesses were determined to be unnecessary or unavailable, if inmate witnesses elected to give statements in lieu of personal appearances, or if the chairman noted in the report the reasons for declining to call requested witnesses.
Under the circumstances of this case, we believe that the allegations in the petition are sufficient to require a response by appellees. Accordingly, we reverse and remand *119 with instructions that the trial court issue an order to show cause to appellees.
MILLS, Acting C.J., and SMITH and ERVIN, JJ., concur.