GRIMES, Chief Judge.
Appellant challenges the summary denial of a petition for a writ of habeas corpus to review prison disciplinary proceedings.
On July 26, 1978, appellant, an inmate at the Hillsborough Correctional Institute, filed a petition for a writ of habeas corpus in the circuit court. Therein he alleged that a disciplinary court at the correctional institute had violated his right to due process by trying him for armed assault and participation in a riot and confiscating 180 days of gain time without permitting him to call witnesses in his behalf or confront his accusers and without giving him a statement of evidence which supported the confiscation of gain time. The hearing allegedly occurred on December 1, 1977.
*67 On August 21, 1978, the circuit court denied appellant’s petition on the ground that it lacked jurisdiction. In so doing it ruled that appellant should have sought administrative review in a district court of appeal pursuant to Section 120.68, Florida Statutes (Supp.1978). This timely appeal followed.
After a careful review of the relevant authorities, we have reached the conclusion that the circuit court did have jurisdiction to consider appellant’s petition for habeas corpus. When appellant filed his petition in the circuit court, more than thirty days had passed since the confiscation of his gain time. Thus, Florida Rule of Appellate Procedure 9.110(b) barred review by a district court pursuant to Section 120.68, and so appellant’s only avenue to relief was a ha-beas corpus petition.
We do not believe appellant is foreclosed by his failure to pursue the Section 120.68 remedy which was then available to him,[1] because his petition makes a prima facie showing of a denial of due process in the disciplinary procedure resulting in the loss of personal liberty. Wolff v. McDonnell, 418 U.S. 589, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In this regard, we note that the first district court of appeal has on several occasions permitted prisoners to seek habe-as corpus relief when they raised constitutional issues, without considering whether they could have sought administrative review. Lightfoot v. Wainwright, 369 So.2d 110 (Fla. 1st DCA 1979); Swarez v. Wainwright, 363 So.2d 833 (Fla. 1st DCA 1978); Bagley v. Brierton, 362 So.2d 1048 (Fla. 1st DCA 1978); Hanks v. Wainwright, 360 So.2d 783 (Fla. 1st DCA 1978).[2]
Appellant has a constitutional right to collateral relief which cannot be foreclosed by failure to seek direct judicial review. Cf. Young v. State, 177 So.2d 345 (Fla. 2d DCA 1965) (failure to appeal conviction in criminal case does not foreclose collateral relief from conviction on grounds of denial of due process). Thus, this case is distinguishable from administrative proceedings involving property rights, where a party’s failure to seek judicial review under Section 120.68 bars the assertion in a collateral action of constitutional issues (including denial of due process) which could have been raised on petition for review under Section 120.68. Coulter v. Davin, 373 So.2d 423 (Fla. 2d DCA 1979).
Accordingly, we reverse and remand to the circuit court with directions that it hold an evidentiary hearing to test the truth of appellant’s allegations.
OTT and RYDER, JJ., concur.

. See Florida Dept. of Offender Rehab, v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978), which implicitly held that prison disciplinary proceedings were subject to the new Administrative Procedure Act.

. Effective as of May 8, 1978, the legislature has now determined that prisoners shall not be considered parties for purposes of obtaining proceedings under §§ 120.54(16) and 120.57, Fla.Stat. (Supp.1978).