382 So.2d 743 (1980)
Gary M. PICCIRILLO, Appellant,
v.
Louie L. WAINWRIGHT, Appellee.
No. NN-92.
District Court of Appeal of Florida, First District.
March 28, 1980.
*744 Gary M. Piccirillo, pro se.
No appearance for appellee.
BOOTH, Judge.
This is an appeal from summary denial of petition for writ of habeas corpus alleging violation of due process in a prison disciplinary proceeding.
Appellant was charged with participating in riots and inciting riotous acts based on his alleged participation in a prisoner "strike" by the inmates at Marion Correctional Institute on October 11, 1978. He was transferred to the institution at Lake Butler and placed in administrative confinement for up to 30 days. On October 21, 1978, he was served with notice of the infractions. Hearing was held before a threeman disciplinary committee on October 23, 1978. Appellant's request for two witnesses was denied. He was found guilty and *745 sentenced to 30 days punitive confinement and a loss of 180 days gain time. An administrative appeal, apparently under Rule 33-3.08(14), Rules of The Department of Corrections, was filed November 24, 1978, and subsequently denied. This appeal, however, is not from the denial of administrative relief, but from the denial of the petition for writ of habeas corpus, alleging infringement of due process. Of the five grounds asserted as error, three merit discussion.
First, petitioner contends that the disciplinary committee which heard his case was not impartial, in that one of the members of the committee was a correctional officer who had been listed on another inmate's disciplinary report as a witness to the incident giving rise to the instant charges, and who had been a witness at that other inmate's hearing. The Department's Rule 33-3.08(1), F.A.C., provides:
"Any member of the disciplinary team should be disqualified as a member if he has participated as an investigating officer, was a witness, initiated the charge, or is a person designated to review the decision of the disciplinary committee."
The above-quoted rule largely follows the case law requirement that the hearing in a prison disciplinary proceeding be before a neutral and detached hearing committee. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Myers v. Askew, 338 So.2d 1128 (Fla. 4th DCA 1976). In the Myers case, supra, the court held (338 So.2d at 1130):
"Measured against Wolff, supra, we conclude that this regulation [former § 10B-12.08(1), now Rule 33-3.08(1), above quoted] for the impaneling of disciplinary committees meets the requirements of due process. The fact that a disciplinary committee is composed of prison officials, in and of itself does not mean that an accused inmate is deprived of his right to have accurate and fair fact finding determination prior to imposition of sanctions. Provided that no member of the disciplinary team has participated or will participate in the case as an investigating or reviewing officer, or is a witness or has personal knowledge of material facts related to the involvement of the accused, or is otherwise personally interested in the outcome of the disciplinary proceeding, a hearing team comprised of prison officials will satisfy the due process requirement of a `neutral and detached hearing body.'" (citation omitted)
Here, allegations of the petition were that the committee member witnessed the riot and that he had testified against another inmate concerning that inmate's involvement in the incident. The petition does not assert facts showing that the officer was an investigating or reviewing officer, that he had personal knowledge of material facts related to the involvement of the accused, or was otherwise personally interested in the outcome of the proceeding. In the absence of creditable factual allegations, the charge of lack of impartiality is conclusionary, and summary denial by the trial court was proper.
The second ground of the petition was that insufficient time was allowed for appellant to prepare for the hearing. He asserts that he was given written notice on October 21, and the hearing was held on October 23. The rules of the Department and the case law require that a prisoner be given at least 24-hours written notice of the charges. Rule 33-3.08(8), F.A.C.; Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974). This requirement was met in this case.
A third basis for the petition was the allegation that appellant should have been given opportunity to cross-examine his accuser and to call witnesses in his own behalf. In Wolff v. McDonnell, supra, the United States Supreme Court held:
"[C]onsideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action ... Viewed in this light it is immediately *746 apparent that one cannot automatically apply procedural rules designed for free citizens in an open society, or for parolees and probationers under only limited restraints, to the very different situation presented by a disciplinary proceeding in a state prison ...
"In striking the balance that Due Process Clause demands, however, we think the major consideration militating against adopting the full range of procedures suggested by Morrissey [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484] for alleged parole violators is the very different stake the State has in the structure and content of the prison disciplinary hearing ... Prison disciplinary proceedings ... take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so . . The reality is that disciplinary hearings and the imposition of disagreeable sanctions necessarily involve confrontations between inmates and authority and between inmates who are being disciplined and those who would charge or furnish evidence against them. Retaliation is much more than a theoretical possibility; and the basic and unavoidable task of providing reasonable personal safety for guards and inmates may be at stake, to say nothing of the impact of disciplinary confrontations and the resulting escalation of personal antagonism on the important aims of the correctional process . . Ordinarily, the right to present evidence is basic to a fair hearing; but the unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution.
"Confrontation and cross-examination present greater hazards to institutional interest. If confrontation and cross-examination of those furnishing evidence against the inmate were to be allowed as a matter of course, as in criminal trials, there would be considerable potential for havoc inside the prison walls ..."
Following the foregoing holding of the United States Supreme Court is the Department's Rule 33-3.08(13)(i), which allows an inmate to request material witnesses.[1] In Roberts v. Brierton, 368 So.2d 117, 118 (Fla. 1st DCA 1979), this court reversed the summary denial of a petition for writ of habeas corpus which had alleged denial of right to call witnesses at a disciplinary hearing. In so doing, however, this court ruled (368 So.2d at 118):
"We are not ruling that the trial court must issue a show cause order or grant an evidentiary hearing every time an inmate makes a conclusionary allegation that he was denied the opportunity to call witnesses in his own behalf. The facts of this case are compelling. This petition makes detailed factual allegations."
In the instant case, the petition does not specify the evidence sought to be elicited or its pertinence to petitioner's guilt or mitigating circumstances affecting the degree of his punishment. Procedural rights of prisoners in disciplinary proceedings are not an end in themselves,[2] but are a means of *747 achieving a fair and just determination of the question of whether the inmate in fact committed the infraction charged and, if so, whether mitigating circumstances exist.
A proceeding in habeas corpus is civil rather than criminal in nature,[3] and the petition "must make out a prima facie case." Flicker v. Duff, 290 So.2d 129, 130 (Fla. 1st DCA 1974). Technical rules of pleading do not apply to petitions for habeas corpus,[4] but the law requires that substance be supplied by way of sworn factual allegations or evidentiary attachments to the petition.[5]
Accordingly, the judgment below is AFFIRMED.
McCORD and SMITH, L., JJ., concur.
NOTES
[1] Rule 33-3.08(13)(i), F.A.C.:

"(i) The inmate or the Disciplinary Team may request material witnesses. The chairman will call those witnesses (staff or inmates) who are available and who are determined to be necessary for an appreciation of the circumstances. Repetitive witnesses will not be called. Unavailable witnesses may submit written statements. Witnesses will not be called if doing so would create a risk or reprisal or would undermine authority. The inmate witness must be willing to testify ..."
[2] Swarez v. Wainwright, 363 So.2d 833 (Fla. 1st DCA 1978):

"Appellant has not denied the assault, but contends that his procedural rights were violated by appellee's failure to call all of the witnesses he requested and the failure to furnish copies of the report of investigation or incident report as well as written reports of the evidence against him ... [We] find that respondent's failure to call all witnesses requested does not violate petitioner's basic rights or the Florida Administrative Code. Appellant was furnished with a copy of the charges against him in advance of the hearing and was informed of the information contained in the reports. In view of the possible risk of reprisal against inmates and officers who are witnesses to the disturbance, further disclosure was not required. Finally, we note that appellant's attack on the impartiality of the panel is patently devoid of merit."
See, Willis v. Ciccone, 506 F.2d 1011, 1015, 1016, 1019 (C.C.A. 8th 1974):
"We observed initially that while prisoners are entitled to a plenary evidentiary hearing when they state a claim which merits it, only certain claims merit such a hearing. Before a hearing is required, the petition must allege a harm resulting from the deprivation of some basic federal constitutional right. Furthermore, conclusory pleading is not sufficient. Facts must be stated which, if true, would justify relief ... Habeas petitions cannot seek de novo review of the facts involved in a disciplinary proceeding . . The only issue which should concern a federal court in such instance is whether the prisoner has been aggrieved by a denial of a fundamental constitutional right. A hearing is not required if one is not necessary to a determination on that issue. Often one is not. Habeas corpus is designed to provide a prompt and efficacious remedy ... In conclusion we therefore hold that prisoner petitions which seek a writ of habeas corpus and relief from prison conditions must allege (1) a substantial infringement of a constitutional right, and (2) a factual statement, which if true would entitle the prisoner to relief, and (3) exhaustion of prison grievance procedures . .. Where the issue is one of due process in a disciplinary action, the District Court should concern itself with the question of whether procedural due process has been afforded and whether there exists a factual basis for the discipline invoked. Generally this evidence should be received in the form of documentary proof without the necessity of an evidentiary hearing ..." (e.s.)
[3] Wiggins v. State, 191 So.2d 30, 34 (Ala. 1966).
[4] Crane v. Hayes, 253 So.2d 435, 442 (Fla. 1971).
[5] Florida Statutes, § 79.01, is, in pertinent part, as follows:

"Whenever any person detained in custody ... applies ... to any circuit judge for a writ of habeas corpus and shows by affidavit or evidence probable cause to believe that he is detained without lawful authority, the court ... to whom such application is made shall grant the writ forthwith, against the person in whose custody the applicant is detained and returnable immediately before any of the courts ... as the writ directs."