LARRY G. SMITH, Judge.
Jerry appeals an order entered after an evidentiary hearing denying his amended petition for writ of habeas corpus. The trial court determined that Jerry was accorded due process in his disciplinary hearing and his rights were adequately and completely protected. However, Jerry complains before us that he was not allowed to call witnesses nor informed that he had such a right even though the disciplinary committee knew or should have known that he desired to call witnesses. He also argues the trial court erred because he was not given a written statement of the findings and conclusions of the disciplinary team. We agree that Jerry should have been given the written statement and remand for that purpose. As to the other errors urged, we-affirm the trial court.
Initially, we note that an inmate does not have an absolute right to call witnesses in his behalf at a disciplinary proceeding. Roberts v. Brierton, 368 So.2d 117 (Fla. 1st DCA 1979). In Roberts, this court recognized that a trial court is not required to issue a show cause order or grant an evidentiary hearing every time an inmate makes a conclusory allegation that he was denied an opportunity to call witnesses. Instead, detailed factual allegations are required. This requirement may be met by alleging the specific evidence sought to be elicited from the witnesses, its pertinence to petitioner’s guilt or to mitigating circumstances affecting the degree of his punishment. Piccirillo v. Wainwright, 382 So.2d 743 (Fla. 1st DCA 1980).
In the instant case, Jerry’s petition alleged several procedural violations of Rule 10B-12.08, Florida Administrative Code. In particular, Jerry alleged that he was denied the right to present any witnesses in his behalf, although he had a number of witnesses who could show that he was not guilty. However, the witnesses were not named nor was the evidence sought to be elicited from them set forth. Additional allegations concerning the testimony which could be obtained from-the witnesses were contained in a memorandum filed in support of the petition, but again, the witnesses were not named. It is noteworthy that at this point in the proceedings, it was also Jerry’s position that he was entitled to all the procedural due process requirements of Section 120.57(1), Florida Statutes.
As a result of these allegations, the trial court issued an order to show cause. In response, the Department gave Jerry a rehearing. The trial court stayed its proceedings until the rehearing was held. After the second hearing, Jerry was again found guilty of unarmed assault and the same punishment of loss of 180 days gain time was recommended. Thereafter, an ev-identiary hearing was held before the trial court on the question of the adequacy of the due process afforded Jerry at the second disciplinary hearing. Prior to the evidentiary hearing, Jerry withdrew his request for an administrative hearing pursuant to Section 120.57(1), Florida Statutes.
*1112 At the hearing on his petition, Jerry testified that he asked to call witnesses at his rehearing, but his request was denied. He gave the names of the witnesses he wanted to call, but he did not give the substance of the testimony he sought from them or its pertinence to his guilt or innocence. On the other hand, the three members of the disciplinary panel testified that Jerry never asked to call any witnesses and in fact was given an opportunity to “give his story” but he refused. The members testified that Jerry was sullen and uncooperative when told he would not be allowed an attorney or an administrative hearing pursuant to Section 120.57(1), Florida Statutes, Notably, one member stated that Jerry told them he didn’t want to have a disciplinary hearing before them but he wanted a hearing before an' administrative hearing officer.
The trial court, having had an opportunity to observe the witnesses and judge their candor or lack of candor, resolved this conflict in testimony in favor of the Department. In ruling that Jerry was not denied due process, the trial court apparently believed the testimony from the Department witnesses that Jerry never asked to call witnesses, but instead demanded that he be accorded an administrative hearing. We are not at liberty to disturb this ruling, since the resolution of conflicting testimony is peculiarly within the province of the trial judge.
Concerning Jerry’s contention that he was prejudiced because the disciplinary panel did not inform him that he had the right to call witnesses, we point out that procedural rights of prisoners in disciplinary proceedings are not an end in themselves but are a means of achieving a fair and just determination of the question of whether an inmate in fact committed the infraction charged and, if so, whether mitigating circumstances exist. Piccirillo, supra. In that regard, we again note that Jerry testified that he asked to call witnesses at the disciplinary proceeding, but his request was turned down. This testimony •necessarily implies that he knew he had a right to call witnesses. Further, it belies any allegation of prejudice as a result of this alleged error.
Finally, we agree with Jerry that the Department should have provided him a written statement of the evidence relied upon and the reasons for the disciplinary action. Lightfoot v. Wainwright, 369 So.2d 110 (Fla. 1st DCA 1979). Therefore, on remand the Department is directed to furnish a copy of the written statement to Jerry.
In all other respects, the order is affirmed.
BOOTH, J., concurs.
ERVIN, J., concurs and dissents with opinion.