ERVIN, Judge,
concurring and dissenting.
I agree with the majority that the department must provide Jerry with its written statement of evidence, and, because the evidence was conflicting on the question whether Jerry requested witnesses be called at his disciplinary hearing, that the evidence sufficiently supports the finding he did not make such a request. However, as to the majority’s conclusion that Jerry had no need to be advised of his right to call witnesses, Jerry now finds himself in a bizarre Catch-22 position. The majority concurs that Jerry never made the request, but paradoxically finds, due to his statements that he did so ask, he must have been aware of his right to have witnesses, and so did not need to be advised. I do not think both findings are tenable. Either Jerry made the request, or made none, and, if he failed to do so, the record is silent on whether he was ever advised by the department, as required by its own rules.
Although the rules do not specifically state the disciplinary team must advise an inmate that he has the right to bring material witnesses to a hearing, this right is necessarily implied since the rules.allow the inmate to request material witnesses, and provide that the team will call such witnesses “who are available and who are deter *1113 mined to be necessary for an appreciation of the circumstances.” Fla.R.Admin.Code 33-3.08(14)(i).[1] Moreover, if the team declines to comply with an inmate’s request for witnesses, it must state its reason for the denial. Id. Clearly an inmate’s right to call witnesses, albeit qualified, presumes the concomitant right to be aware of such a right. Additionally, subparagraph (14)(c) of the rule provides that whenever a disciplinary report warrants either consideration of disciplinary confinement or loss of gain-time, the disciplinary team shall explain to the inmate “the procedures that will be followed in the hearing . . . .” I think the conclusion inescapable, given both the majority’s decision that Jerry made no request and the record before us, that the department failed to comply with its rules by not advising Jerry that, if requested, material witnesses could be called. We previously reversed an order denying without a hearing a petition for writ of habeas corpus which had alleged the department did not observe its own rules at a disciplinary hearing. Moore v. Wainwright, 366 So.2d 183 (Fla. 1st DCA 1979). When, as here, similar allegations remain unrefuted, I see no justification for excusing the department’s unexplained deviation from the clear requirements of its rules.
The rule stated in Roberts v. Brierton, 368 So.2d 117 (Fla. 1st DCA 1979) and Piccirillo v. Wainwright, 382 So.2d 743 (Fla. 1st DCA 1980), and relied upon by the majority, requiring detailed factual allegations as a precondition to habeas relief, has no application to the circumstances before us. Following Jerry’s first disciplinary hearing, he filed a petition for writ of habe-as corpus, alleging the department’s unlawful taking, of gain-time credits without following its rules, specifically those requiring that he be informed of his right to request witnesses. Jerry explicitly alleged that he “was denied the right to present witnesses in his behalf, although he has a number of witnesses who could show that Petitioner was not guilty.” The department responded, stating that it consented to a rehearing on the disciplinary charges, and requested that the habeas action be stayed pending the outcome of the second disciplinary proceeding. A rehearing was held. We now accept the finding of the lower court that Jerry did not ask for witnesses at the rehearing; yet the department knew before the rehearing was conducted that Jerry’s petition had alleged his first hearing was tainted by the department’s unexplained denial of his right to present witnesses and its failure to explain to him his right to request witnesses. The department cannot in good faith argue that Jerry’s petition for habeas did not afford it notice of the grounds he relied upon, since its concession to the rehearing must also have been an admission that the petition’s allegations presented colorable grounds for a new hearing.
Because I think the evidence does not reveal Jerry was advised of his right to call witnesses, as required by the agency’s rules, I would remand this cause to the trial court with directions that the case in turn be remanded to the disciplinary team; that the team provide the inmate with a copy of the written statement of evidence, and that it comply with its rules by advising him of his right to seek witnesses, and, should the team upon his request decline to call witnesses, that it state in the record, as required by Fla.Admin.Code Rule 33-3.-08(í4)(i), why such witnesses should not be called.

. This rule is derived from the Supreme Court’s opinion in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), stating that an inmate at a disciplinary proceeding “should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to the institutional safety or correctional goals.” 418 U.S. at 566, 94 S.Ct. at 2979.