SHIVERS, Judge.
DeAngelo appeals pro se the summary denial of his petition for writ of habeas corpus. We affirm without reaching the merits since it appears on the face of the petition that appellant is not entitled to the relief sought.
Appellant argues that certain prison disciplinary actions taken against him were unfair and violated his constitutional rights to due process and equal protection under the law. Appellant did seek an administrative remedy, filing a D.C. 77-A form (administrative appeal) which was denied on January 28, 1982. Upon the exhaustion of his administrative remedies, appellant could have sought direct appeal to this court. Daniels v. Florida Parole & Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981). To commence such an appeal, appellant would have had to comply with the Florida Rules of Appellate Procedure, including the requirement of filing a notice of appeal within thirty days of the rendition of the order to be reviewed. Fla.R.App.P. 9.110. Instead, appellant filed a petition for writ of habeas corpus in circuit court on April 8, 1982.
The purpose of the writ of habeas corpus is to determine whether the petitioner is legally imprisoned or restrained of his liberty, and a petition for habeas corpus must make out a prima facie case. Flicker v. Duff, 290 So.2d 129 (Fla. 1st DCA 1974). The petition sub judice does not make out a prima facie case in that petitioner does not allege that he is currently being held illegally in prison. Therefore, the trial court did not err in summarily denying the petition.
AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.