NIMMONS, Judge.
Sims appeals the trial court’s order summarily denying his petition for writ of ha-beas corpus. We reverse and remand with instructions that the trial court issue an order to show cause.
According to the petition,[1] on January 5, 1986, a correctional officer, W. Bracewell, discovered a fire in appellant’s cell. The source of the fire was determined to be a blanket wrapped around the bars of appellant’s cell window. Appellant had wrapped the blanket around the window for insulation inasmuch as the exterior window of his cell had been broken out earlier.
Three days later, the incident was investigated by correctional officer Sergeant John Minshew. During the course of Sergeant Minshew’s investigation, appellant told the officer that there were three witnesses: (1) Sergeant H. Owens; (2) inmate Roy Johnson; and (3) inmate Jessie Meeks. *1081 Sergeant Minshew took statements from Sergeant Owens and Roy Johnson but failed to take a statement from Jessie Meeks, the only eye witness to the incident. Appellant had been advised that Jessie Meeks saw someone place a burning object through a window below appellant’s cell to the outside building and ignite the blanket wrapped around appellant’s window. According to appellant, Jessie Meeks was a material witness whose testimony would have exonerated him. Appellant claimed further that Sergeant Minshew offered no written statement as to why he had not taken Jessie Meeks’ statement, as required by Rule 33-22.05(4)(b), Fla.Admin.Code.
On January 15, 1986, a disciplinary committee filed its disciplinary report making the following findings:[2]
Inmate Sims appeared before the disciplinary team and pled not guilty. The Team found the subject guilty as charged based upon Officer Bracewell [sic] that inmate Sims had wrapped a blanket around his window and it was on fire and that [sic] fact there is no evidence to support inmate Sims’ allegations that inmate Johnson set the blanket on fire and also Sgt. Brewer stated that he believed the fire was started from inside the cell.
As a result of the above findings, appellant was placed in disciplinary confinement for thirty days and he lost thirty days of gain time.
Appellant subsequently filed a timely administrative appeal, challenging the above findings and action. The appeal was denied. Four weeks later, appellant sought further review by filing another administrative appeal. This second appeal was also denied.
Thereafter, appellant filed the instant petition for writ of habeas corpus in the circuit court alleging that he had been denied due process as a result of unlawful administrative disciplinary action. The trial judge denied appellant’s petition, finding that the petition failed to state a cause of action.
The thrust of appellant’s petition is that he was denied his right to call a material witness and thus deprived of a fair hearing. Appellant’s petition asserts that he had requested that Jessie Meeks — an eyewitness to the incident whose testimony allegedly would have exonerated him — be called to testify at his hearing. However, Jessie Meeks was never interviewed or called to testify.
While an inmate does not have an absolute right to call witnesses in his behalf at a disciplinary hearing, he should be allowed to call witnesses “when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.” Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). There is no indication from the habeas petition and its attachments that the calling of inmate Meeks would have created such a hazard.
Furthermore, the Department of Correction’s own rules recognize the right of an inmate to call material witnesses. Rule 33-22.05(4)(b), Fla.Admin.Code, provides as follows:
(b) The investigating officer is responsible for obtaining the inmate’s version of the offense as well as contacting the charging officer and any other staff members or inmates who have information pertaining to the allegation and the charge. The inmate charged will be asked if he has any material witnesses to offer in his behalf. If the inmate has no witnesses, it must be noted in the report. If names of witnesses are given, the investigating officer will then interview both inmate and staff witnesses. If inmate witnesses or staff witnesses are not contacted, a statement as to why they were not contacted must be included. Opinions as to innocence or guilt will not be made by the investigating officer. (e.s.)
Rule 33-22.07(1), Fla.Admin.Code, further provides:
(1) Witnesses.
*1082 (a) The Hearing Officer or the Chairman of the Disciplinary Team may call inmate or employee witnesses. Subject to the provisions of paragraph (b) below, any witness whose testimony is necessary for a proper evaluation of the circumstances, or whose testimony is requested by the inmate, shall be called to testify at the hearing.
(b)l. No witness shall be called if it is clear that his testimony would be irrelevant, immaterial, or repetitive.
* * * * * 4c
5. The Hearing Officer or the Chairman of the Disciplinary Team may determine that certain witnesses should not be called or that certain information shall not be disclosed because to do so would create a risk of reprisal, undermine authority, or otherwise present a threat to the security or order of the institution. The reason for any restriction shall be fully explained in the record of the hearing, but information that should not be disclosed shall be withheld from the inmate. (e.s.)
The Department failed to comply with the above rules. The material witness allegedly requested by appellant was not called to testify at appellant’s hearing, the investigating officer did not include a statement in his report as to why the witness was not contacted, and there is no indication in the record that the failure to call such witness was attributable to security reasons.
A trial court is not required to issue a show cause order or grant an evidentiary hearing every time an inmate makes a con-clusory allegation that he was denied an opportunity to call witnesses. Instead, detailed factual allegations are required. This requirement may be met by alleging the specific evidence sought to be elicited from the witness and its pertinence to the petitioner’s guilt or to mitigating circumstances affecting the degree of his punishment. Piccirillo v. Wainwright, 382 So.2d 743 (Fla. 1st DCA 1980); Jerry v. Wainwright, 383 So.2d 1110 (Fla. 1st DCA 1980). Appellant’s sworn petition clearly meets such requirements. The petition specifies the evidence sought to be elicited and its pertinence to the issue of his guilt or innocence; states that appellant made a request to have the named witness called; alleges that such witness was not called; and alleges that the requested witness was an eyewitness to the incident whose testimony would have exonerated appellant.
The case of Roberts v. Brierton, 368 So.2d 117 (Fla. 1st DCA 1979) is analogous to the instant case. There, the prisoner filed a habeas corpus petition alleging that he was denied due process in a disciplinary proceeding and that he was refused the opportunity to call witnesses in his own defense. This court held that, where there was no evidence or allegation by the state that the calling of the witnesses requested would have created an undue hazard to institutional safety or correctional goals, and where the petition made detailed factual allegations naming the witnesses petitioner wanted to call, the allegations in the petition were sufficient to require a response by the Department.
Accordingly, we REVERSE and REMAND with instructions that the trial court issue an order to show cause.
SMITH, C.J., and ERVIN, J., concur.

. All of the facts stated herein are those alleged in Sims’ petition. We must presume their truth for purposes of determining the facial sufficiency of the petition.

. A copy of the disciplinary report was attached to appellant’s habeas petition.