PER CURIAM.
This is a pro se petition for writ of habe-as corpus wherein petitioner states he is charged with possession of cocaine and possession of paraphernalia. His bond was set in the amount of $15,000 and the circuit court refused to reduce it at a subsequent hearing on that issue. Petitioner contends that he has family ties to the Jacksonville community, that he was employed until the time of his arrest, that he has no financial resources, that he has appeared at all scheduled court proceedings and he is not on release with respect to any other criminal proceeding nor is he on probation or parole. He argues he cannot afford to post the bond and therefore he is deprived of his right to pretrial release as guaranteed by the Florida Constitution.
We deny the petition for writ of habeas corpus as facially insufficient. Petitioner has failed to provide this court with a copy of any order of the lower tribunal or the transcript of a hearing on bond reduction; in fact, he has not even attempted to recite the evidence that was presented at that hearing. Rule 3.131(b), Florida Rules of Criminal Procedure, provides that conditions of release should be selected:
which will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process.
Since this court has not been informed as to the reasons for the trial court’s action in setting a $15,000 bond, petitioner has failed to demonstrate an abuse of discretion or overcome the presumption of correctness of the trial court’s order. Flicker v. Duff, 290 So.2d 129 (Fla. 1st DCA 1974); State ex rel. Smith v. Untreiner, 246 So.2d 158 (Fla. 1st DCA), cert. denied, 250 So.2d 643 (Fla.1971).[1]
PETITION DENIED.
JOANOS, THOMPSON and ZEHMER, JJ., concur.

. There is authority for concurrent jurisdiction in the circuit court on habeas petitions concerning pretrial release, see State ex rel. Scaldeferri v. Sandstrom, 285 So.2d 409 (Fla.1973). That case, however, held that the circuit court is a more appropriate forum where there is no record for an appellate court to review. Here, it appears on the face of the petition that the circuit court has held a hearing on bond reduction and therefore an evidentiary proceeding has already been held in that court. Accordingly, no transfer to the circuit court would appear appropriate.