ON MOTION FOR CORRECTION

PER CURIAM.
We grant appellee’s motion for correction, withdraw our opinion filed August 9, 2000, and issue this corrected opinion in its stead.
Joseph Diehl appeals an order denying his petition for writ of mandamus, wherein he requested the lower court to order ap-pellee, the Department of Corrections, pursuant to Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997), to restore administrative gaintime and provisional credits that had been canceled under section 944.277, Florida Statutes (Supp.1992), Florida Attorney General Opinion 92-96 (1992), and section 944.278, Florida Statutes (1993). Diehl claims the trial court erred in denying his petition based upon department affidavits without conducting an evidentiary hearing to determine whether the prison system had reached 99 percent capacity at the time Diehl was awarded the gaintime and credits. We affirm for a different reason, because appellant failed to allege legally sufficient grounds for relief.
Diehl committed the offenses for which he was incarcerated between October 30, 1986, and December 29, 1986. During that time, the Florida Emergency Gaintime Law was in effect, which was triggered once the prison population exceeded 99 percent of lawful capacity. Under an ex post facto analysis, Diehl would thus be entitled to reinstatement of his gaintime only if lawful capacity had exceeded 99 percent when he received his awards. See Meola v. Department of Corrections, 732 So.2d 1029 (Fla.1998). He had apparently been awarded administrative gaintime and provisional credits between February 1, 1987, and January 31, 1991, pursuant to statutes that were triggered at 97/é and 98 percent. Diehl claims on appeal that the trial court erred in relying on department affidavits in which personnel averred that 99 percent of capacity was never achieved.
Diehl may have been entitled to an evidentiary hearing, had his petition been legally sufficient. If a petitioner seeking a writ of mandamus makes a prima facie showing of a clear legal right to performance of a clear legal duty and raises disputed factual issues in response to an order to show cause, “a trial to resolve such disputes is appropriate.” Holcomb v. Department of Corrections, 609 So.2d 751, 753 (Fla. 1st DCA 1992).
Diehl, however, never made a pri-ma facie showing that cancellation of his *617 administrative gaintime and provisional credits violated the ex post facto clause. He claimed only that under Lynce, he had a vested liberty interest in the gaintime he had been awarded. A trial court is not required to issue an order to show cause or grant an evidentiary hearing simply because an inmate’s petition contained a conclusory allegation of entitlement to relief. The petitioner must instead make “detailed factual allegations” supporting the claim. Id. at 755 (quoting Roberts v. Brierton, 368 So.2d 117, 118 (Fla. 1st DCA 1979)).
Because Diehl only asserted conclusory statements in his petition that were insufficient to warrant a show-cause order, we affirm the trial court’s denial of the petition, without prejudice to Diehl’s right to file a new petition.
AFFIRMED.
ERVIN, LAWRENCE and BROWNING, JJ., CONCUR.