IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

v.

Case No.  5D21-2251
LT Case No. 2020-CF-000912

CILVIS C. WOODSON,

      Appellee.

_____/

Opinion filed October 14, 2022

Appeal from the Circuit Court
for Osceola County,
Mikaela Nix-Walker, Judge.

Ashley Moody, Attorney General,
Tallahassee, and Richard Alexander
Pallas, Jr., Assistant Attorney
General, Daytona Beach, for
Appellant.

Matthew J. Metz, Public Defender,
and Darnelle Paige Lawshe,
Assistant Public Defender, Daytona
Beach, for Appellee.


EDWARDS, J.

Appellant, the State of Florida, appeals an order granting Appellee's, Cilvis C. Woodson, Motion to Dismiss for Statutory Immunity from Prosecution, often referred to as a Stand Your Ground Motion. Specifically, the State argues that the motion was facially insufficient and that, even if it was sufficient, evidence presented at the evidentiary hearing overcame the defense by "clear and convincing evidence" as required by section 776.032(4), Florida Statutes (2019). We agree that because Appellee's motion was facially insufficient an evidentiary hearing should not have been held.[1] We reverse the order and remand for further proceedings.

Appellee was charged with two counts of battery by a detainee in a detention facility on another detainee.[2] According to Count I of the information, Appellee got into a disagreement with his cellmate because the cellmate allegedly failed to keep his end of a bargain whereby one traded commissary rights for the other's food tray. As the disagreement progressed, the cellmate allegedly asked Appellee if he wanted to fight with him, the two traded angry looks, and they bumped into or brushed against each other.

---

[1] Given our holding, we need not reach the issue of whether the State met its burden of proof at the evidentiary hearing.

[2] The motion to dismiss was granted only as to Count I.

Ultimately, Appellee pushed his cellmate up against the wall, placed his hands on both sides of the cellmate's head, and yelled at him.

Appellee filed his motion to dismiss based on the Stand Your Ground law. Section 776.012(1), Florida Statutes (2019), states in pertinent part that a person is justified in using non-deadly force against another "to the extent that the person reasonably believes that such conduct is necessary to defend himself . . . against the other's imminent use of unlawful force." Once a defendant has raised a prima facie claim of self-defense immunity at a pretrial immunity hearing, the burden of disproving that claim by clear and convincing evidence is on the State. § 776.032(4), Fla. Stat.

As noted above, the State unsuccessfully argued that the evidentiary hearing should not have taken place and that its obligation to disprove Appellee's Stand Your Ground immunity had not yet ripened because, given the facial insufficiency of the motion, no prima facie claim of immunity had been raised. More specifically, the State argued that the motion insufficiently alleged that Appellee was defending against an imminent use of force. The facial sufficiency of a motion to dismiss is a legal conclusion. *Fla. Bar v. Greene*, 926 So. 2d 1195, 1199 (Fla. 2006); *Derossett v. State*, 311 So. 3d 880, 890 (Fla. 5th DCA 2019). The trial court's legal conclusions are

3

reviewed de novo.  *State v. Sampaio*, 291 So. 3d 120, 123 (Fla. 4th DCA 2020).

Statutory interpretation begins with consideration of the plain meaning of the words as used in the relevant statutes.  *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013).  We note that Merriam-Webster defines "imminent" as "ready to take place: happening soon." *Imminent*, Merriam-Webster Dictionary Online, https://www.merriam-webster.com/dictionary/imminent (last visited Sept. 14, 2022).  This definition implies that an "imminent" act requires no further measures to manifest; imminence also has a temporal dimension, developing quickly relative to the events that define it. In other words, very little time or preparation may stand between the present moment and an "imminent" event.

The First and Fourth Districts have defined an "imminent" risk of child abuse under section 39.01, Florida Statutes, as a danger "about to occur" within a "narrow[] time frame."  *E.H. v. Dep't of Child. & Fams*., 147 So. 3d 616, 620 (Fla. 4th DCA 2014); *E.M.A. v. Dep't of Child. & Fams*., 795 So. 2d 183, 186 n.3 (Fla. 1st DCA 2001).[3]  Appellee's motion alleged that his

---

[3] The *E.M.A.* court makes a relevant distinction: "'[P]rospective' simply means likely to happen,[] or 'expected.' 'Imminent' encompasses a narrower time frame and means 'impending' and 'about to occur.'  Thus, while all imminent abuse or neglect is prospective, prospective abuse or neglect is

4

cellmate: (1) asked if he wanted to fight him and offered to fight now, (2) made repeated threats to Appellee's life, (3) struck Appellee with his shoulder as he walked by, (4) chest bumped Appellee, and (5) was a member of a gang known for murder and gun violence. Taking those factual allegations as true, none of them amount to an imminent threat by the cellmate to use unlawful force. Nor could the cellmate's alleged invitation to fight reasonably lead to the conclusion that Appellee necessarily had to use force. That is essentially an argument that Appellee had to fight his cellmate in order to avoid fighting with his cellmate. But accepting an invitation to fight is not defending with force out of necessity against an imminent threat.

Appellee's motion also contained several conclusory allegations, including that Appellee: (1) was in reasonable fear for his and his family's safety, (2) was threatened with force being used against him, and (3) believed his conduct was necessary to defend against his cellmate's imminent threat of force against him. Those conclusory allegations do not amount to establishing a prima facie claim to which the State must respond and disprove by clear and convincing proof. *See, e.g.*, *Diehl v. Moore*, 767 So. 2d 615, 616–17 (Fla. 1st DCA 2000) (holding that a prima facie showing

---

merely in the future, but not necessarily about to happen." 795 So. 2d at 186 n.3 (citations omitted).

is not made by "conclusory allegation"); *Drake v. Scharlau*, 353 So. 2d 961, 965 (Fla. 2d DCA 1978) (holding that conclusory allegations were insufficient to carry an initial pleading burden). The rule under which Appellee moved states that motions under subsections (c) and (d) must be alleged "specifically" and "with specificity." Fla. R. Crim. P. 3.190.

In *State v. Moore*, 337 So. 3d 876, 882 (Fla. 3d DCA 2022), the Third District recently reversed a similar dismissal under section 776.032(4) because the defendant did not "allege the necessary conduct, statements, sequence, timing, and other circumstances surrounding the relevant actions." This was notwithstanding allegations "in conclusory fashion" that the defendant "acted in self-defense." *Id*. "[A] defendant is still required to 'allege a facially sufficient prima facie claim of justifiable use of force under chapter 776 in a motion to dismiss filed under rule 3.190(b) and present argument in support of that motion at a pretrial immunity hearing.'" *Id.* at 880–81 (quoting *Jefferson v. State,* 264 So. 3d 1019, 1028–29 (Fla. 2d DCA 2018)). In *Moore*, the court concluded that the defendant's failure to allege specific facts that his use of force was necessary to prevent imminent harm to himself rendered the motion to dismiss legally insufficient, and, therefore, the "statutory burden never shifted to the State to overcome the claim of self-defense immunity." *Id*. at 88. The Third District concluded that "[n]o

6

evidentiary hearing should have been held, and no ruling on the merits should have been made." *Id.* We agree with the reasoning set forth in *Moore.*

Accordingly, we reverse the order dismissing the charges against Appellee and remand for further proceedings.

REVERSED and REMANDED.

WALLIS and NARDELLA, JJ., concur.