PER CURIAM.
Frank James Smith has filed an instrument in this court labeled “Motion for Speedy Trial,” stating therein that he is applying to this court “ . . . for a writ *788 of Habeas Corpus ad Prosequendum for the immediate acquisition and return of defendant to Leon County State of Florida for the trial upon the alleged charges contained in the warrants filed against defendant in the State of Florida, the defendant shows this honorable court that the defendant has been in custody of this state of Texas since the 3rd day of July, 1972, and in the confines of the Federal Correctional Institution, Texarkana, Texas.”
In Dickey v. Circuit Court, Gadsden County, Quincy, Florida, 200 So.2d 521 (Fla.1967), the Florida Supreme Court held: “ . . . that one who is held in custody by another sovereign and who is also accused of a crime in this state, as a result of which a detainer warrant has been lodged against the accused, has the constitutional right to demand that Florida initiate the procedure available to it to secure the return of the accused here for a speedy trial.” The court further warned in Dickey that the petition must name as respondent the prosecuting officer of the court in which the charge requested to be tried is pending; state by which sovereign he is held and where, the term or terms to be. served in the holding sovereign’s prison and the tentative expiration date of those terms; state the nature of the charge pending against him in Florida, the county and court in which pending, the date filed, and the fact that a detainer warrant has been filed against him in the place where he is held. Other salient allegations as to a demand for a speedy trial are set out in the cited opinion.
The subject instrument filed by Frank James Smith is deficient in many respects. The subject “Motion for Speedy Trial” is denied without prejudice to Frank James Smith’s right to reassert his demands by a proper petition naming the proper prosecuting official as respondent.
SPECTOR, C. J., and RAWLS and JOHNSON, JJ., concur.