512 So.2d 1077 (1987)
Douglas Laveren ADAMS, Appellant,
v.
Louie L. WAINWRIGHT, Secretary of the Department of Corrections, Appellee.
No. BP-179.
District Court of Appeal of Florida, First District.
September 11, 1987.
*1078 Douglas LaVerne Adams, in pro. per.
Robert A. Butterworth, Atty. Gen., and Rivers Buford, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from an order dismissing with prejudice appellant's petition for habeas corpus. Because we believe appellant is entitled to an evidentiary hearing on some of his claims, we reverse.
Appellant is a prisoner incarcerated in the Florida Department of Corrections. On four separate occasions he was cited for various rule infractions and, after hearings before prison disciplinary teams, suffered gain time losses totalling 120 days. Appellant exhausted his administrative remedies and filed a petition for habeas corpus in circuit court. The trial judge correctly perceived appellant's petition to be one for habeas corpus or mandamus, and we will also consider it as such.
The trial court was correct in dismissing appellant's claim that a disciplinary hearing was not held in a timely fashion. The record reveals that it was. Similarly, the judge correctly dismissed the claim that appellant was not allowed to call witnesses at the first hearing, as appellant did not allege that he tried to call any witnesses. The trial court also properly dismissed the allegation that the teams' factual findings of guilt were insufficiently specific to meet the standard set out in Superintendent v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Under Brown v. Frey, 807 F.2d 1407 (8th Cir.1986), the findings were clearly enough to satisfy federal constitutional standards.
However, it was error to deny appellant an evidentiary hearing on his claim that he was not allowed to call witnesses at the second, third, and fourth hearings, and that a "blanket ban" on witnesses existed generally. Under Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and Ponte v. Real, 471 U.S. 491, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985), inmates have a limited constitutional right to call witnesses in disciplinary hearings where they are threatened with loss of gain time. Appellant properly documented his claim with affidavits setting out specific facts, which, if true, would constitute violations of Wolff and Ponte. Appellant also submitted affidavits from three other inmates which made similar specific factual allegations. Accordingly, he was entitled to a hearing. Moore v. Wainwright, 366 So.2d 183, 184 (Fla. 1st DCA 1979). This is true despite appellant's failure to allege that restoration of his gain time would entitle him to immediate release or new trial, generally a prerequisite to consideration of a habeas corpus petition. Brown v. Wainwright, 498 So.2d 679 (Fla. 1st DCA 1986). Because permitting an inmate the limited right to call witnesses is a mandatory prison official duty under the United States Constitution, a writ of mandamus is an appropriate remedy. Shannon v. Mitchell, 460 So.2d 910 (Fla. 4th DCA 1984), reversed on other grounds, 491 So.2d 275 (Fla. 1986). Consequently, the restraints applicable to habeas corpus do not apply sub judice.
Appellant also stated a prima facie claim that officials violated state administrative rules when they failed to select disciplinary teams from a list of approved personnel trained in disciplinary techniques. However, the trial court was technically correct in dismissing the issue as appellant named the Secretary of the Department of Corrections in his petition, while Sections 944.09(2) and 944.14, Florida *1079 Statutes, charge the prison superintendent with enforcement of the rules.
Consequently, we reverse the trial court's dismissal of this issue with prejudice. Upon remand, the court may permit appellant to amend his petition to name the proper respondent, or appellant may file a corrected petition. Smith v. State, 273 So.2d 787, 788 (Fla. 1st DCA 1972); Dickey v. Circuit Court, Gadsden County, Quincy, Florida, 200 So.2d 521, 529 (Fla. 1967); City of Eau Gallie v. State, 125 Fla. 277, 169 So. 730, 731 (1936).
REVERSED and REMANDED for further proceedings in accordance with this opinion.
BOOTH, WENTWORTH and THOMPSON, JJ., concur.