609 So.2d 751 (1992)
Larry HOLCOMB, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Appellee.
No. 92-288.
District Court of Appeal of Florida, First District.
December 7, 1992.
*752 Larry Holcomb, Pro Se.
Robert A. Butterworth, Atty. Gen., and Susan P. Stephens, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
The appellant appeals a final order denying his petition for a writ of mandamus. The issue is whether the trial court can order a petitioner to produce evidence in support of factual allegations where the respondent has not alleged any conflicts in the facts. Although a trial judge cannot, we affirm the denial of relief in this case because the petition is legally insufficient on its face.
The appellant, an inmate, filed a petition for a writ of mandamus in the circuit court alleging that on four separate occasions he was charged with disciplinary infractions and was denied permission to call witnesses he had previously requested. He sought an order directing the Department of Corrections (the department) to expunge the disciplinary reports and award gain time lost as a result of the disciplinary reports.
In response to an order to show cause, the department argued that the appellant *753 had not demonstrated a clear legal right to call witnesses and attached the four disciplinary reports. The court issued an order denying mandamus relief on the basis that no evidence indicated that the appellant had asked to call live witnesses at his hearings. However, the court "remanded" the case to allow the appellant thirty days to file additional evidence supporting his claim. Soon thereafter, the department requested the court to clarify its order with regard to the "remand." The court issued an order of clarification which specifically offered the appellant "the opportunity to present evidence, by affidavit or other documentary presentation to establish that he in fact requested that witnesses appear live and give testimony at any of the disciplinary hearings." The order gave the appellant an additional twenty days from the order within which to file the evidence. The appellant did not file any evidence by the deadline, and the court denied the petition for a writ of mandamus, saying that the appellant had defaulted in his obligation to present evidence demonstrating that he had requested witnesses.
The appellant first argues that his verified petition containing allegations that he requested witnesses suffices as proof of same. The appellant cites to cases where courts held that for purposes of surviving a motion for summary judgment, the allegations in a plaintiff's sworn complaint must be taken as true and accorded the same dignity as the moving party's affidavit. See Rinzler v. Carson, 262 So.2d 661 (Fla. 1972); Booth v. Board of Public Instruction, 67 So.2d 690 (Fla. 1953). In essence the appellant is arguing that his case was in the same procedural posture as a motion for summary judgment in a civil case. In a sense the appellant is correct.
In order for a court to issue a writ of mandamus, a petitioner "must show that he has a clear legal right to the performance of a clear legal duty by a public officer and that he has no other legal remedies available to him." Hatten v. State, 561 So.2d 562, 563 (Fla. 1990). When a petitioner files a petition for mandamus, the court has the initial task of assessing the legal sufficiency of the allegations. If the court finds the allegations insufficient, it will deny the petition, see, e.g., Gibson v. Florida Parole & Probation Comm'n, 450 So.2d 553 (Fla. 1st DCA 1984), or dismiss those claims that are factually insufficient, see, e.g., Adams v. Wainwright, 512 So.2d 1077 (Fla. 1st DCA 1987). However, if the petition is facially sufficient, the court must issue an alternative writ, i.e., an order directed to the respondent to show cause why the requested relief should not be granted. Conner v. Mid-Florida Growers, Inc., 541 So.2d 1252, 1256 (Fla. 2d DCA 1989); Fla.R.Civ.Pro. 1.630(d).
Once a show cause order has issued, it becomes in all respects the complaint and subject to the same rules of pleading as are any other complaints. West Palm Beach v. Knuutila, 183 So.2d 881 (Fla. 4th DCA 1966); Fla.R.Civ.Pro. 1.630(e). It is then up to the respondent to admit or deny the factual allegations upon which relief is based, and to present any and all affirmative defenses. All facts alleged in the order to show cause, which generally incorporates by reference the original petition, that are not specifically denied are admitted to be true. Arnold v. State ex rel. Mallison, 147 Fla. 324, 2 So.2d 874 (1941). If the respondent raises material issues of fact, a trial to resolve such disputes is appropriate. Bal Harbour Village v. State ex rel. Giblin, 299 So.2d 611, 615 (Fla. 3d DCA 1974), cert. denied, 311 So.2d 670 (Fla. 1975). However, the burden is on the respondent for coming "forward with exact facts upon which it refused to perform the act required by the alternative writ." Id. If the respondent does not meet this burden in the return, then no trial is necessary and the court can decide the issues based upon the sufficiency of the legal issues raised. Id.
In this case, the trial court must have found the petition legally sufficient since it issued a show cause order. Contrary to what its brief on appeal suggests, in its return, the department did not contest the factual allegations of the show cause order, which incorporated by reference the petition. Rather, it only argued *754 that no clear legal right to call witnesses exists under the case law and regulations. Because the department did not contend that the appellant had not in fact requested to call witnesses, appellant's allegations that he did request to call witnesses are admitted. Since that fact was not put in issue by the department, the trial court should not have required the appellant to submit evidence proving that he did request to call witnesses.
The trial judge was probably attempting to follow Adams v. Wainwright, 512 So.2d 1077 (Fla. 1st DCA 1987). In Adams, we concluded that the trial court properly dismissed one claim that the appellant was not allowed to call witnesses because the appellant did not allege that he had tried to call any witnesses. However, the court remanded for an evidentiary hearing on other claims that were both properly alleged in the petition and documented by affidavits setting out specific facts of the alleged violations. The trial judge below may have read Adams as requiring documentation of the allegation that witnesses were in fact requested prior to granting an evidentiary hearing on the petition. However, Adams does not state that documentation is a necessary prerequisite to an evidentiary hearing. Rather, the court simply noted the fact that Adams had documented his allegations. In fact, the case that Adams relies upon in remanding for an evidentiary hearing does not mention or imply that documentation of allegations is necessary. See Moore v. Wainwright, 366 So.2d 183 (Fla. 1st DCA 1979). Indeed, in Moore, the court specifically found that an evidentiary hearing was warranted solely because "[t]he petition states specific allegations regarding the disciplinary proceedings which, if true, would establish that the Department of Corrections failed to comply with its own rules and with the procedural requirements of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)." While it is reasonable to assume that a hearing was necessary in Moore and in Adams because the respondent refuted the petitioners' factual allegations, in this case, no hearing was required because the respondent did not refute the appellant's factual allegations. Thus, the judge should not have required the appellant to produce evidence that he had requested witnesses and should not have denied the appellant's petition because of his failure to produce such evidence.
Nonetheless, the above discussion does not resolve the case. Because the ultimate question is whether the trial judge erred in denying the petition, we are compelled to conclude that he did not, but for different reasons than those stated in the order. The appellant has failed to demonstrate entitlement to mandamus relief, not because he failed to "prove" he had requested witnesses, but because his factual allegations are insufficient to establish a clear legal right. The court in Adams acknowledged that "inmates have a limited constitutional right to call witnesses in disciplinary hearings where they are threatened with loss of gain time" under the Supreme Court's decisions in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and Ponte v. Real, 471 U.S. 491, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985). Adams, 512 So.2d at 1078. It is evident in Adams, however, that the basis for finding the petitioner had a legitimate claim was his "setting out specific facts, which, if true, would constitute violations of Wolff and Ponte." Id. (emphasis added).
Similarly, in Piccirillo v. Wainwright, 382 So.2d 743 (Fla. 1st DCA 1980), we recognized the necessity of the petitioner setting forth specific factual allegations and that "conclusory pleading is not sufficient. Facts must be stated which, if true, would justify relief." Id. at 747 (quoting Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir.1974). In reversing the summary denial of a petition for a writ of habeas corpus that had alleged denial of the right to call witnesses at a disciplinary hearing, in Roberts v. Brierton, 368 So.2d 117, 118 (Fla. 1st DCA 1979), we stated:
We are not ruling that the trial court must issue a show cause order or grant an evidentiary hearing every time an inmate makes a conclusory allegation that he was denied the opportunity to call *755 witnesses in his own behalf. The facts of this case are compelling. This petition makes detailed factual allegations: it states that Roberts filed a written request before the hearing and made a verbal request at the hearing; it alleges that two of the witnesses he had requested had been "interviewed" before the hearing by staff and were not called for the hearing; and it names the witnesses he wanted to call... .
(Emphasis added). The petition in this case lacks such detailed allegations. In fact, the only allegation is the conclusory statement made with regard to each hearing that "the petitioner was refused permission to call the witnesses he had previously requested." This type of allegation is insufficient to warrant a show cause order.
In its rules governing inmate disciplinary hearings, the department has provided:
(b) The inmate ... may request material witnesses. Witnesses, staff or inmate, found to be necessary to the proceedings shall be called or their written statements provided.
(c) Witnesses shall not be called or certain information disclosed if doing so would create a risk of reprisal, undermine authority or otherwise present a threat to the security or order of the institution. The inmate witnesses must be willing to testify but may offer an oral or written statement to the investigating officer in lieu of a personal appearance. Notations shall be made in the report with reasons for declining to call requested witnesses or for restricting any information.
(d) No witness shall be called if it is clear that his testimony would be irrelevant, immaterial or repetitive.
Fla. Admin. Code Rule 33-22.007(2)(b)-(d). Thus, an inmate who is claiming an improper denial of his request to call witnesses at a disciplinary hearing should allege in his petition the following: (1) that the inmate requested to call witnesses but the request was denied; (2) that the witnesses were material as evidenced by a list of specific witnesses requested and a brief statement of what their testimony would have been; and (3) that either the department made no notation on the report giving reasons for declining to call witnesses or the reasons given were invalid.[*] Such allegations would then shift the burden to the department to rebut the inmate's prima facie case.
Accordingly, we affirm the denial of relief in this case without prejudice to the appellant to file a new petition.
WOLF and WEBSTER, JJ., concur.
NOTES
[*] We note that under the holding in Ponte v. Real, 471 U.S. 491, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985), the department is not obligated to make its reasons for declining to call an inmate's witnesses part of the administrative record at the disciplinary hearing. However, the department has assumed that obligation by including it in its rules quoted above.