618 So.2d 777 (1993)
DEPARTMENT OF CORRECTIONS, Appellant,
v.
Robert MARSHALL, Appellee.
No. 92-240.
District Court of Appeal of Florida, First District.
May 17, 1993.
Robert A. Butterworth, Atty. Gen., Franz E. Dorn and Susan P. Stephens, Asst. Attys. Gen., Tallahassee, for appellant.
Robert Marshall, pro se.
*778 PER CURIAM.
The Department of Corrections has appealed from the trial court's order granting Robert Marshall's petition for writ of mandamus. As noted in the order, Marshall sought mandamus relief contending he was entitled to expungement of his disciplinary report by virtue of the Department's failure to allow live testimony at his disciplinary hearing or, in the alternative, to set forth the rationale as to why such testimony was not allowed. For the reasons set forth by the trial court, we affirm the order granting mandamus relief.
Marshall was charged with possession of stolen goods based on a correctional officer's discovering five pounds of ham and ten slices of white bread in Marshall's property following a routine shakedown of Marshall's cell. Later that day, the charge was investigated, during which Marshall informed the investigating officer that he did not have "these items," in his possession. When asked whether he had any witnesses, Marshall responded by identifying one inmate who thereafter gave a written statement declaring, "I did not know of Marshall having anything of its kind in the room."
A disciplinary hearing was later held during which the witness statement was read by the disciplinary team. Significantly, Marshall's request that the witness testify live was denied. The reason given by the team on the disciplinary report worksheet for its decision to decline to call the requested witness was simply: "Statement was read during hearing." However, in his petition for writ of mandamus, Marshall also alleged that when he asked for his witness to testify during the hearing, his request was denied on the basis that "`[i]t would do no good.'"
After exhausting his administrative remedies, Marshall sought relief by way of a petition for writ of mandamus. In granting mandamus relief, the trial court cited to Ponte v. Real, 471 U.S. 491, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985), and its holding that federal due process may require prison officials to explain why witnesses are not allowed to testify. In that decision, the U.S. Supreme Court held that prison officials may do so,
... either by making the explanation a part of the "administrative record" in the disciplinary proceeding, or by presenting testimony in court if the deprivation of a "liberty" interest is challenged because of that claimed defect in the hearing. In other words, the prison officials may chose to explain their decision at the hearing, or they may choose to explain it "later."
471 U.S. at 497, 105 S.Ct. at 2196. Here, the trial court noted that "[n]othing in the record before this Court demonstrates a stated reason for failing to allow Marshall to call his witness. By virtue of this failure, Petitioner sustained an infringement of his due process rights under the Federal Constitution." Accordingly, the trial court gave the Department the option of remedying this deprivation by "either expunging the disciplinary report from [Marshall's] record and restoring him his forfeited gain time or by conducting a further disciplinary hearing at which Marshall is allowed to call his witness."
On appeal, the Department argues that the trial court erred in granting mandamus relief on the basis that Marshall did not have a clear legal right to present the live testimony of a witness at the disciplinary hearing. The Department relies for this proposition on the its rules governing inmate disciplinary hearings, wherein the Department has provided:
(b) The inmate ... may request material witnesses. Witnesses, staff or inmate, found to be necessary to the proceedings shall be called or their written statements provided.

(c) Witnesses shall not be called or certain information disclosed if doing so would create a risk of reprisal, undermine authority or otherwise present a threat to the security or order of the institution. The inmate witnesses must be willing to testify but may offer an oral or written statement to the investigating officer in lieu of a personal appearance. Notation shall be made in the report with reasons for declining to *779 call requested witnesses or for restricting any information.

(d) No witnesses shall be called if it is clear that his testimony will be irrelevant, immaterial or repetitive.
Fla. Admin. Code Rule 33-22.007(2)(b)-(d) (emphasis added). Because the above-cited provisions allow for the giving of written witness statements in lieu of live testimony, the Department reasons that Marshall had no clear legal right to call a live witness in the instant disciplinary hearing. We disagree with this logic in the instant case.
Recently, in Holcomb v. Department of Corrections, 609 So.2d 751 (Fla. 1st DCA 1992), we reiterated the rule earlier enunciated in Adams v. Wainwright, 512 So.2d 1077 (Fla. 1st DCA 1987), that "`inmates have a limited constitutional right to call witnesses in disciplinary hearings where they are threatened with loss of gain time' under the Supreme Court's decisions in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and Ponte v. Real, ... [citation omitted]." Holcomb, 609 So.2d at 754. To that end, we advised that an inmate claiming an improper denial of his request to call witnesses at a disciplinary hearing should allege in his petition, among other things, "that either the Department made no notation on the report giving reasons for declining to call witnesses or the reasons given were invalid." Id. at 755. In so stating, we noted that although under the holding in Ponte v. Real, the Department is not obligated to make its reasons for declining to call an inmate's witnesses part of the administrative record at the disciplinary hearing, the Department has nonetheless assumed that obligation by including it in its rule quoted above.
Reading the three relevant provisions of the rule in a rational manner, we cannot conclude that the Department's position would comport with due process in the instant case. Certainly, subparagraph (b) makes allowance for the use of written statements; but, it is also abundantly clear that subparagraphs (c) and (d) place in context the circumstances in which the receipt of witness statements, in lieu of live testimony, would be appropriate. However, among the enumerated reasons validating a disciplinary team's decision to decline to call a requested witness does not appear the reason given here, that the written statement was read simply in lieu of calling the witness live. Neither does the rule contemplate as a reason for declining to call a requested witness that it would "do no good" to call that witness. In short, Marshall had a clear legal right to call his witness, barring a legitimate reason why that witness could or should not have been called. The Department's failure to offer a valid reason for not calling the witness gave the trial court sufficient cause to grant Marshall's petition for writ of mandamus.
AFFIRMED.
WEBSTER and MICKLE, JJ., and SCHWARTZ, ALAN R., Associate Judge, concur.