PER CURIAM.
We treat the trial court’s denial of the petition for writ of habeas corpus as the denial of a petition for writ of mandamus to restore gain time, reverse same and direct the trial court to instruct the Department of Corrections to (1) vacate and expunge its disciplinary report and (2) restore gain time or conduct another eviden-tiary hearing.
The department’s obligation to produce the cassette tape containing the verbal order appellant was accused of violating, which appellant requested as evidence in his disciplinary hearing for disobeying the order, is substantially the same as its obligation to produce witnesses who may be helpful to appellant. See Williams v. James, 684 So.2d 868 (Fla. 2d DCA 1996); Osterback v. Singletary, 679 So.2d 43 (Fla. 1st DCA 1996).
The present record is devoid of “some” or “a modicum” of evidence, see Dugger v. Grant, 610 So.2d 428, 432 & n. 3 (Fla.1992), on which the department could rely to support its determination that appellant had ever been ordered not to do that which he was accused of doing. On this point alone the trial court erred in not granting appellant’s petition.
*1025 In the event another hearing is held, the Department of Corrections must either produce the cassette tape requested by appellant or show good and valid cause for its failure to do so.
GLICKSTEIN, GUNTHER and PARIENTE, JJ., concur.