MICKLE, Judge.
Frank X. Wareham (Wareham) brings this appeal from the trial court’s order denying his petition for writ of mandamus challenging the loss of gain time as a result of a disciplinary report. He argues, in pertinent part, that he was denied due process rights at his disciplinary hearing when two of his named *428 ■witnesses were not questioned about his theory of defense. We reverse and remand in part as set forth below, and affirm in all other respects.
The following facts are taken from the allegations contained in the petition for writ of mandamus. Wareham is an inmate in the custody of the Department of Corrections. A disciplinary report was filed against him alleging that he assaulted a fellow inmate while standing in the chow line on June 10, 1995. Wareham was placed in administrative confinement pending a disciplinary hearing, which he was informed would be conducted on June 19, 1995. The hearing, however, was conducted earlier, on June 15, 1995. At the hearing, Wareham read a prepared written statement in his defense, acknowledging that he struck the inmate with his hand, but asserting that the physical contact on his part occurred as a result of an automatic reflexive response, triggered after he was touched from behind on the rear by the inmate. Wareham informed the disciplinary hearing team that two other inmates (Mar-cello Ceravolo and Kenneth McCaffrey) could verify that he has exhibited this sort of nervous reflexive response on past occasions. Wareham asserted in his defense that he was not guilty of assault because there had been no deliberate intent on his part to strike or injure the inmate. When he had completed his statement, Wareham was asked by a member of the disciplinary team why he had failed to submit a request that these two witnesses be questioned or appear at the hearing. Wareham responded that he had been asked solely to list eyewitnesses and that these two individuals had not been present during the incident. Wareham was then informed that the disciplinary hearing would be continued for the purpose of obtaining further evidence regarding his claimed reflexive condition. Wareham was returned to a second hearing on June 19, 1995. The disciplinary team was composed entirely of new members and no further inquiry was had regarding the alleged reflexive condition. Wareham was found guilty as charged based on a finding that he had admitted striking the inmate and based on evidence from five eyewitnesses who saw him strike the inmate.
Wareham subsequently filed numerous grievances and administrative appeals, all of which were denied. Thereafter, he filed the instant petition for writ of mandamus alleging that he had been denied due process as a result of DOC’s failure to comply with its own institutional rules. Pertinent to this appeal[1] is his allegation that he was denied his right to material evidence from two witnesses supporting his defense, which witnesses the original hearing team had found to be relevant and material enough to his defense to warrant a continuance of the first disciplinary hearing. In his prayer for relief, Wareham sought an order directing DOC to expunge the disciplinary report and to restore gain time lost as a result of the report. In a response to an order to show cause, DOC requested that the petition be dismissed. The lower court denied relief, dismissing the petition on the grounds that Wareham had failed to set forth allegations sufficient to demonstrate that any of his due process rights were not protected.
In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held that inmates facing disciplinary charges must be afforded certain minimal safeguards. Relevant to the instant case is the right to call and present witnesses. Although an inmate does not have an absolute right to have witnesses present at his hearing, prison officials must explain their reasons for denying an inmate’s request to call witnesses. See Ponte v. Real, 471 U.S. 491, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985); Department of Corrections v. Marshall, 618 So.2d 777 (Fla. 1st DCA 1993); Holcomb v. Department of Corrections, 609 So.2d 751 (Fla. 1st DCA 1992); Florida Administrative Code Rule 33-22.007 (repealed October 1, 1995). Herein, while presenting his statement of defense, Wareham named two individuals who could supposedly validate the existence of his alleged reflexive condition on past occasions. The written disciplinary report prepared by DOC confirms that, indeed, the first hearing was continued “pending statements from Inmate Ware-ham’s witnesses who can verify his reflex condition_” In his grievance filed follow *429 ing the disciplinary hearing, Wareham claimed that he had requested at the disciplinary hearing that his theory of defense be verified by Ceravolo and McCaffrey, that these two individuals would indeed have confirmed the existence of his alleged reflexive condition, but that the disciplinary team never questioned them regarding their knowledge of his condition. The grievance was denied on the grounds that “there are signed statements on file from inmates Ceravola, # 693459 and McCaffrey # 188942 dated 6-16-95 concerning the assault in question. Therefore, your allegation of these inmates not being interviewed is incorrect. Their statements were available to the Team at the hearing on 6-19-95.” In response to this denial, appellant filed a request for administrative appeal in which he claimed again that inmates Ceravolo and McCaffrey were never questioned specifically about his reflexive condition. In support thereof, Wareham attached written statements from Ceravolo and McCaffrey. It is not clear when these written statements were executed. Ceravolo asserted in his written statement that, on June 16, 1995, he was handed a witness form and instructed to provide an account of what he knew regarding the incident in the chow hall on June 10, 1995, but that “I was never questioned or asked to write a statement concerning inmate Wareham’s protective nervous reflex condition, which I do know to exist.” In McCaffrey’s written statement, he asserted that he was asked to fill out a witness form on June 16, 1995, regarding the incident involving Wareham, but that “I was never informed that I was being asked to comment on Frank Wareham’s reflex reactions when he felt threatened, or .in an adverse situation. I was told nothing by C.O., Mr. Lee, about commenting on Frank Ware-ham’s reflex reactions.” The administrative appeal was denied on the grounds that “the inmate statements were obtained and they do not support your contention that the action was a reflex.”
In denying the aforementioned grievance and administrative appeal, DOC officials found that the “signed statements on file” of Ceravolo and McCaffrey did not support Wareham’s theory of defense. Unfortunately, these “signed statements” are not included in the record on appeal. The only written statements of these two inmates that do appear in the record are those apparently taken at a later date by Wareham in support of his contention that these inmates were never questioned specifically about his reflexive response condition. As such, this court is unable to conclude whether the statements of Ceravolo and McCaffrey refute Wareham’s theory of defense, as suggested in the denial of the grievance and appeal. In its response to the order to show cause below, DOC argued that there was sufficient evidence to support the finding of guilt, that the disciplinary team found guilt despite the witness statements of Ceravolo and McCaffrey, and that the statements of Ceravolo and McCaf-frey do not support the allegation that Ware-ham’s reaction was defensive, automatic and unintentional. However, as previously stated, without viewing those statements of Cer-avolo and McCaffrey that were relied on by the disciplinary hearing team and by the DOC in denying the grievance and appeal, this court is unable to conclude that Ware-ham is clearly not entitled to any relief on his claim. Accordingly, we reverse and remand Wareham’s claim that he was denied the right to have the testimony of Ceravolo and McCaffrey considered by the disciplinary team for consideration on its merits. In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER and PADOVANO, JJ., concur.

. We find no merit in the remaining claims raised in the various grievances and on appeal.