PER CURIAM.
The trial court regarded Keith Mason’s postconviction motion as one seeking mitigation relief filed pursuant to Florida Rule of Criminal Procedure 3.800(c) and dismissed it as untimely, which it would have been even though the order of dismissal overlooks Mason’s appeal to this court of the judgment and sentence in question which delayed by eighteen months his window to seek such relief. The form Mason utilized when filing his motion was obviously designed for such a motion for reduction of sentence, but the content of his claim asks for relief of a legal, and not discretionary, character. His motion should have been properly treated as one filed pursuant to rule 3.800(a).
Treated as such, the motion would have properly been denied, as Mason’s complaints about his scheduled release date need to be pursued administratively with the Department of Corrections, and thereafter to the circuit court by petition for writ of habeas corpus or mandamus. See Williams v. James, 684 So.2d 868 (Fla. 2d DCA 1996). We reverse the order of the trial court dismissing Mason’s motion with directions to enter an order denying it.
THREADGILL, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.