WOLF, J.
Petitioner challenges the denial of his petition for writ of mandamus seeking to overturn three disciplinary adjudications of the Department of Corrections (department) as well as his placement into close management confinement. We deny relief in all respects but one. We conclude that the trial court departed from the essential requirements of law in determining that petitioner had not been denied his right to present the testimony of certain witnesses at the disciplinary hearing on the unarmed assault charge.
Petitioner complied with the pleading requirements for raising a mandamus claim concerning the denial of his request for witnesses at the prison disciplinary hearing, as set forth in Holcomb v. Department of Corrections, 609 So.2d 751 (Fla. 1st DCA 1992), by stating in his petition and the attachments thereto that he had been denied a request to present two specifically identified additional inmate witnesses at the hearing on the unarmed assault charge, that the testimony of these witnesses would have been material as demonstrated by the substance of that testimony which was stated in the petition, and that the department had given an invalid reason for denying his request for these witnesses. The reason given by the disciplinary team at the hearing for denying petitioner’s request for the two additional witnesses had been essentially that the testimony would have been contrived and, therefore, not credible.
In Department of Corrections v. Marshall, 618 So.2d 777 (Fla. 1st DCA 1993), an inmate’s request for a particular witness to testify was denied on the basis that it simply would have done no good to have had the witness testify. See id. at 778. This court held that the department’s conclusion that the requested witness testimony in Marshall would have done no good did not constitute a valid reason for denying the inmate’s request for the testimony in that case. See id. at 779. While a disciplinary team may exclude testimony if it is immaterial, irrelevant, or repetitive, they should not prejudge the weight to be given to testimony or evidence prior to it being presented. The proffered evidence in the instant case *931 was not immaterial, irrelevant, or repetitive. While the disciplinary team may ultimately choose to find the evidence to be unworthy of belief, they should not make such a determination prior to the evidence being presented. We remand to the circuit court for further proceedings consistent with this opinion.
BARFIELD, C.J., and BOOTH, J., concur.