PER CURIAM.
Petitioner, Phillip R. Frantz, seeks cer-tiorari review of an order denying his Petition for Writ of Mandamus, in which he challenged a disciplinary finding that he had been disrespectful towards a prison official. For the reasons outlined below, we grant the petition and quash the order below.
On August 13, 1998, Petitioner was charged with disrespecting a prison official while he was in administrative confinement. According to Petitioner’s allegations, which the Department does not contest, he asked the investigating officer to interview the other inmates who were housed in administrative confinement at the time of the alleged incident, and he requested the production of the administrative confinement videotape. However, the investigator did not interview any of the inmates who were in administrative confinement, and the disciplinary team did not produce or view the videotape. Instead, it relied solely on the disciplinary report submitted by the prison official to whom Petitioner allegedly had been disrespectful and found Petitioner guilty of the infraction. The findings do not mention or give any reason for denying Petitioner’s requests for the production of the videotape and that the other inmates in administrative confinement be interviewed.
Then, in response to Petitioner’s formal grievances, the Department said that the investigator could not interview any of the witnesses because he had not been present at the time of the incident and did not know with whom he should speak unless Petitioner supplied him with the names of the other inmates. The Department also said that Petitioner was not entitled to the production of the videotape unless the disciplinary report had been based on evidence contained on the tape. Petitioner next sought mandamus relief in the Circuit Court. The lower court denied Petitioner’s claim, finding that Petitioner had been afforded due process and that there was evidence in the record to support the disciplinary finding.
It is well-settled that an inmate charged with a disciplinary infraction is entitled to: 1) advance written notice of the charges; 2) an opportunity to call witnesses and present documentary evidence, when it can be done safely; and 3) a written statement of the evidence upon which the disciplinary team relied and the reasons for its disciplinary action. See Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Florida Administrative Code Rules 33-601.305(2)(d) and (3) require the Department’s investigating officer to, among other things, ask the inmate if he has any witnesses to offer on his behalf and interview “additional staff, inmates, and other individuals who have Information pertaining to the infraction.” If the disciplinary team denies an inmate’s witness or evidence request, it must explain its reasons for doing so. See, e.g., Plymel v. Moore, 770 So.2d 242 (Fla. 1st DCA 2000); Giordano v. Dixon, 744 So.2d 1024 (Fla. 4th DCA 1997); Department of Corrections v. Marshall, 618 So.2d 777 (Fla. 1st DCA 1993); Holcomb v. Department of Corrections, 609 So.2d 751 (Fla. 1st DCA 1992).
While we do not hold that an inmate is never required to give the specific names of other inmates he wishes to have *1005 interviewed, Petitioner’s request in this case was specific enough for the investigator to interview those inmates who were housed in the adjacent cells on the day in question. The fact that the investigator was not present at the time of the alleged infraction does not absolve him of his responsibilities to conduct an adequate investigation. The investigator’s failure to interview any of the other inmates who were in administrative confinement at the time of the alleged incident, as Petitioner requested, deprived Petitioner of his due process right to call witnesses. Similarly, the Department denied Petitioner due process when it did not provide him with a valid reason for its refusal to produce the administrative confinement videotape that he had requested. The Department’s reliance on an institutional rule that went into effect almost one year after the hearing was misplaced.
Accordingly, we find that the lower court departed from the essential requirements of law in denying the petition, GRANT the Petition for Writ of Certiora-ri, QUASH the order below, and REMAND with directions to grant the requested mandamus relief.
MINER and ALLEN, JJ.; SMITH, LARRY G„ Senior Judge, CONCUR.