789 So.2d 1118 (2001)
Nickolas J. WHITE, Petitioner,
v.
Michael W. MOORE, Secretary Florida Department of Corrections, Respondent.
No. 1D00-3954.
District Court of Appeal of Florida, First District.
June 21, 2001.
*1119 Nickolas J. White, Polk City, Petitioner, pro se.
Robert A. Butterworth, Attorney General, and Sean F. Callaghan, Assistant Attorney General, Tallahassee, for Respondent.
KAHN, J.
The Florida Department of Corrections (DOC) imposed a disciplinary sanction against Nickolas J. White (White). After exhausting his administrative grievances, White filed a petition for writ of mandamus in the Circuit Court for Leon County. The circuit court denied the petition and White sought certiorari review from this court. Because the circuit court departed from the essential requirements of law, we grant the petition and quash the circuit court's order with directions to grant mandamus relief.
After receiving information that White was involved in the use of LSD, officers at Polk Correctional Institution authorized a "for cause" drug test and required White to submit a urine sample. Because DOC's drug testing facilities were not suited for testing for LSD, White's sample was sent to an outside commercial laboratory for testing. The unquantified test results showed a positive result for the presence of LSD in White's sample. In the ensuing disciplinary proceeding, White was found guilty of unauthorized use of drugs and sentenced to 60 days in disciplinary confinement and loss of 180 days of gain time.
White appealed his finding of guilt complaining that DOC's rule for drug testing mandates a retest of any sample that gives a positive result and that no retest was performed in his case. The institution denied relief, responding that the testing procedures used by the commercial laboratory were in compliance with the lab's own testing procedure, as well as state and federal law. DOC found that this response was sufficient and also denied relief. White then unsuccessfully sought a writ of mandamus in the circuit court.
A district court reviews by certiorari an order of the circuit court acting in its appellate capacity to review an administrative determination of DOC. See Sheley v. Fla. Parole Comm'n, 720 So.2d 216, 217 (Fla.1998). The certiorari standard of review is whether the circuit court afforded due process and whether the circuit court complied with the essential requirements of law. See Haines City *1120 Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).
At the time of White's drug test, DOC's rule for drug testing provided for procedures governing random drug testing and procedures governing "for cause" drug testing. See Fla. Admin. Code R. 33-602.204(4) & (5) (now found, as amended, in Fla. Admin. Code R. XX-XXX-XXXX). The rule governing random drug testing, Rule 33-602.204(4), had, among extensive procedures for the testing and analysis of urine samples, a provision stating that "[a]ny specimens found to be positive upon initial testing shall be retested at the department testing facility that day with a fresh sample of the specimen prior to reporting the test results. Specimens testing negative on the retest shall be reported as negative." Fla. Admin. Code R. 33-602.204(4)(d)4.c. Rule 33-602.204(5), the rule governing "for cause" drug testing, contained no such requirement. In fact, Rule 33-602.204(5) essentially contains no testing procedures.
White argues that Rule 33-602.204(5) necessarily incorporates the retesting requirement because it does not provide any testing procedures and must necessarily incorporate all of those described in Rule 33-602.204(4). We decline to take that analytical step because it is not the province of the court to rewrite the rules of administrative agencies under the guise of construction. Cf. Brown v. State, 358 So.2d 16, 20 (Fla.1978) (stating in the context of a statute: "we will not abandon judicial restraint and effectively rewrite the enactment").
Courts defer to an agency's interpretation of a rule that it administers. See Pan Am. World Airways, Inc. v. Fla. Pub. Serv. Comm'n, 427 So.2d 716, 719 (Fla. 1983). Here, DOC had authoritatively interpreted the rules governing inmate drug testing in its published procedures. DOC's published procedure entitled "Drug Testing of Inmates," procedure 602.010(6)(e), which does not distinguish between random drug testing and "for cause" drug testing procedures, states that "[u]rine specimen's [sic] that are found to be positive on the initial test will be followed up with a secondary test using a fresh aliquot of the original specimen." According to DOC's view, then, the sample retest requirement applies to "for cause" drug testing as well as random drug testing. DOC chose not to apply these procedures in White's case.
DOC has never shown that its refusal to apply the established procedure in this case was anything other than arbitrary. The agency's arbitrary abandonment of its published procedure encroached upon petitioner's due process rights. See Wareham v. Singletary, 700 So.2d 427, 428 (Fla. 1st DCA 1997) ("In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held that inmates facing disciplinary charges must be afforded certain minimal safeguards."). By denying relief, the circuit court condoned the denial of due process. Certiorari is therefore appropriate. See Plymel v. Moore, 770 So.2d 242, 249 (Fla. 1st DCA 2000) (holding that a denial of due process warrants mandamus relief).
Accordingly, we grant the petition for certiorari, quash the order of the circuit court, and remand with instructions to issue the writ of mandamus.
BARFIELD, C.J., and PADOVANO, J., concur.