VAN NORTWICK, J.
Lisa Van Duyn appeals a worker’s compensation order ruling that she is not entitled to benefits because she refused a drug test. She argues that the statutory forfeiture of benefits in section 440.101(2), Florida Statutes (1997), is not applicable because the clinic collecting the urine sample for the drug test did not give her an opportunity to be retested within 24 hours as required by the applicable administrative rule. For the reasons that follow, we affirm.
While operating a dump truck, Van Duyn fell from the truck injuring her left shoulder, arm and hand. She was instructed by her employer to report to a walk-in medical clinic for treatment and, when she did so, Van Duyn was told to give a urine sample for drug testing. A sample was provided, but it was below the acceptable temperature range, as provided by administrative rule, and she was instructed to provide a second sample. Van Duyn left the walk-in clinic before giving a second sample; she signed a chain of custody form acknowledging she refused to provide a useable sample.
It is not disputed in this appeal that Van Duyn’s employer, Truck Driver Services, Inc., had a “Drug Free Workplace” program in place at the time of Van Duyn’s accident. Section 440.101(2), Florida Statutes (1997), provides that
[i]f an employer implements a drug-free workplace program in accordance with [statutory law] ..., the employer may require the employee to submit to a test for the presence of drugs or alcohol and, if a drug or alcohol is found to be present in the employee’s system at a level prescribed by rule adopted pursuant to this act, the employee may be terminated and forfeits his or her eligibility for medical and indemnity benefits ... and, if an injured employee refuses to submit to a test for drugs or alcohol, the employee forfeits eligibility for medical and indemnity benefits.
(Italics added).
The Judge of Compensation Claims (JCC) held Van Duyn was ineligible for worker’s compensation benefits on the authority of section 440.101(2) after finding she refused “a validly and legally requested drug test.” Van Duyn challenges that ruling, arguing, as she did below, that, pursuant to rule 59A-24.005(3)(c)8.a, Florida Administrative Code, the walk-in clinic should have allowed her the opportunity to return within 24 hours to give a second sample. Because she was not permitted to return to give a second sample at a later time, Van Duyn submits that the bar to benefits in section 440.101(2) does not apply. The JCC rejected this argument concluding that the right to return within 24 hours “does not strictly apply” when a drug test is sought after a workplace accident has occurred. The JCC explained that upon the occurrence of a workplace accident, “it is necessary to preserve and collect evidence as soon as possible following the accident” and that it is important “to know the presence and amount of any improper substances in the claimant[’]s system as soon after the industrial acci *1109 dent as possible in order to determine if those substances in any way contributed to the industrial accident.” The JCC observed that a delay of time, up to 24 hours, could allow the dilution of any substances so that a test would not be determinative as to presence and amount of illegal substances.
Rule 59A-24.005(3)(c)8 provides:
8. Upon receiving the specimen from the individual, the collection site shall determine that:
a. Urine specimens contain at least 30 milliliters (mL) of urine. The approximate volume of the specimen shall be documented by the collect at the time of collection. If there is less than 30 mL of urine in the container, another urine shall be collected in a separate container. Collected specimens which contain less than 30 mL of urine shall not be submitted to the laboratory for testing. Such specimens shall be discarded in the presence of the donor and such procedure shall be annotated by the collector on the chain of custody form. The collector is permitted to give the donor water to drink for the purpose of providing another urine specimen not to exceed an 8 ounce glass of water every 30 minutes for up to 2 hours. If the donor still fails to provide 30 mL of urine, the collection site person shall reschedule another collection within 24 hours and notify the employer as soon as possible of such rescheduling.
(Emphasis added).
We cannot agree with the JCC’s holding that this rule does not apply to drug testing undertaken after a workplace accident. The rule does not explicitly so provide, and we decline to undertake a reading of the rule which is contrary to its plain meaning. See White v. Moore, 789 So.2d 1118 (Fla. 1st DCA 2001)(it is not the province of a reviewing court to rewrite the rules of administrative agencies under the guise of construction). Nevertheless, rule 59A-24.005(3)(c)8 does not preclude application of the statutory bar against worker’s compensation for Van Duyn’s refusal to submit a useable urine sample.
By the explicit terms of the rule, the walk-in clinic is not required to allow a donor to return within 24 hours unless the urine specimen contains less than 30 milliliter of urine and, then, unless the donor had attempted to give another specimen by drinking water, no more than an 8 ounce glass every 30 minutes, for up to 2 hours. Thus, the obligation to reschedule another collection within 24 hours of the giving of a non-useable specimen is contingent upon the donor first attempting to provide a sample in a manner consistent with the rule. Even if the rule applies to a situation in which the temperature of the urine sample is not within the acceptable temperature range, here, while Van Duyn was given a single glass of water to drink after her first urine specimen was rejected, she testified that she wanted to reschedule because she was concerned about her nine year old son being alone after arriving home from school. She also testified that she was concerned that the test might prove positive for drug use because she had recently been around several individuals who smoked marijuana in her presence. Thus, after consuming only a single glass of water, Van Duyn left the clinic without attempting to give a second sample. Given the facts of this case, therefore, Van Duyn cannot claim that she was denied an opportunity, pursuant to rule 59A-24.005(3)(c)8, to give another sample.
Moreover, we reject Van Duyn’s argument that the bar to benefits provided in section 440.101(2) does not apply because the walk-in clinic employee who handled Van Duyn’s urine sample failed to record the temperature on the chain of custody *1110 form. The clinic employee who testified at the hearing below stated that the chain of custody form contained in the record would have been a second form; the employee did not know what happened to the first form which pertained the sample which was discarded. Because the record is silent as to what was. actually noted on the first chain of custody form, we find no basis to reverse.
The order on appeal is AFFIRMED.
LEWIS, J., CONCURS AND BENTON, J., CONCURS IN RESULT.