PER CURIAM.
Petitioner seeks review of the circuit court’s order denying his petition for writ of mandamus in which he sought expungement of two disciplinary reports issued by the Department of Corrections and restoration of lost gain-time. We deny relief in all respects but one. We find that the circuit court departed from the essential requirements of law in determining that petitioner had not been denied his right to call witnesses at the disciplinary hearing.
Petitioner complied with the pleading requirements for raising a mandamus claim regarding the denial of his request for witnesses at the prison disciplinary hearing. See Holcomb v. Department of Corrections, 609 So.2d 751 (Fla. 1st DCA 1992). He identified the witnesses, explained why he had requested them at the hearing and not during the investigation, proffered their testimony, and explained why the testimony was relevant and material. Moreover, the reason given by the Department for denying the request was inadequate.[1] Thus, the circuit court departed from the essential requirements of the law in denying petitioner’s claim. See Mariah v. Moore, 765 So.2d 929 (Fla. 1st DCA 2000). We grant the petition and remand to the circuit court for further proceedings consistent with this opinion.
ALLEN, DAVIS and BENTON, JJ., concur.

. In the circuit court, the Department contended that the witnesses were not allowed because they were involved in an investigation that was unrelated to the disciplinary infractions, but did not contest the testimony proffered by petitioner. Before this court, the Department now disputes petitioner’s allegation that he requested the witnesses at the disciplinary hearing. However, because the Department did not contest petitioner's allegation in the mandamus proceeding, the allegation was admitted as true and may not be challenged in this court. See Holcomb v. Department of Corrections, 609 So.2d 751 (Fla. 1st DCA 1992).