PER CURIAM.
Frank W. Pehringer timely seeks certio-rari review of an order denying his petition for writ of mandamus, in which he challenged the outcome of a prison disciplinary proceeding.
Pehringer was issued a disciplinary report charging him with unauthorized use of drugs. The disciplinary report alleged that a “for cause” drug test administered to Pehringer yielded a positive result for the presence of cocaine. We agree with the circuit court that the symptoms observed prior to testing were sufficient to establish a basis for administering a “for cause” test, and that the fact that the incident report describing those symptoms was not prepared before the testing was undertaken does not entitle petitioner to relief from the disciplinary action. However, we do find merit to Pehringer’s contention that he is entitled to relief because prison officials failed to comply with mandatory testing procedures set forth in the Department of Corrections’ own rules. In describing “specimen collection procedures,” rule 33 — 108.101(3)(b)(6) provides as follows:
*89 The tester shall give each mmate a closed specimen cup with an identification label containing the inmate’s name and DC number prior to collecting the-inmate’s urine specimen. The tester shall ensure that the inmate acknowledges his or her correct identity information on the label of the specimen cup.
According to Pehringer, and this allegation was not disputed by the Department, he was subjected to testing at the same time as six other inmates. From the outset, he asserted in his written statement to the disciplinary team that the specimen cup provided to him had no identifying information on the label, and another inmate who was tested at the same time provided a statement indicating that the specimen cup provided to him likewise did not contain the required labeling information. The disciplinary team nonetheless found Pehringer guilty of the charged offense based upon the reporting officer’s statement, which made no mention of whether the labeling requirement had been satisfied.
In the administrative grievance process, Pehringer reiterated his allegation that he was provided an unlabeled specimen cup, but this claim was by all appearances ignored. Finally, Pehringer again made this allegation in his petition for writ of mandamus, but the Department failed to specifically refute it, other than to state that “[a]ll factual allegations not specifically admitted [in the response] are denied or are without knowledge.” We conclude that under the circumstances, the boilerplate denial of an allegation the Department declined to address in either the disciplinary proceedings or the administrative grievance process was insufficient to raise a material issue of fact, and Pehringer’s factual allegation in this regard should therefore have been deemed to be admitted as true. See Holcomb v. Dep’t of Corr., 609 So.2d 751 (Fla. 1st DCA 1992); see also Plymel v. Moore, 770 So.2d 242 , (Fla. 1st DCA 2000).
We further conclude that the Department’s failure to comply with its own rule governing specimen collection, the obvious purpose of which is to ensure the integrity of the chain of custody and the testing procedure itself, encroached upon petitioner’s due process rights in the ensuing disciplinary proceedings. See White v. Moore, 789 So.2d 1118 (Fla. 1st DCA 2001).
Finally, as the Department correctly concedes, the circuit court further erred by imposing a lien on Pehringer’s inmate trust account to recoup court costs and fees. Pehringer forfeited 180 days of gain-time as a consequence of the disciplinary proceeding, and his claim thus clearly constituted a “collateral criminal proceeding.” See Schmidt v. Crusoe, 878 So.2d 361 (Fla. 2003). The imposition of a lien was therefore unauthorized. See Wagner v. McDonough, 927 So.2d 216 (Fla. 1st DCA 2006); Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005).
Accordingly, the order denying Pehringer’s petition for writ of mandamus is quashed, and the matter is remanded to the circuit court for further proceedings consistent herewith. We likewise quash the order imposing a lien, with directions that the trial court dissolve the lien and direct the reimbursement of any funds that have been withdrawn pursuant thereto.
PETITION FOR WRIT OF CERTIO-RARI GRANTED.
WEBSTER, POLSTON, and HAWKES, JJ., concur.