PER CURIAM.
This pro se petition for writ of mandamus seeks to compel the Florida Commission on Ethics to process an ethics complaint. We grant the petition. In October of 2012, the petitioner attempted to file a complaint with the State of Florida Commission on Ethics, making various allegations of prosecutorial misconduct against the State Attorney’s Office for the Ninth Judicial Circuit of Florida. Rather than processing the complaint, the Ethics Commission instead simply returned the complaint to the petitioner along with a letter indicating that the Commission was refusing to accept the complaint as it was outside the Commission’s jurisdiction. The letter, authored by Virlindia Doss, the Executive Director of the Commission, indicated that the complaint failed to allege, as required by Section 112.313(6), Florida Statutes, that the public official identified in the complaint acted with the purpose of “securing] a special privilege, benefit, or exemption for himself, herself, or others.” The letter went on to advise the petitioner that “[i]f you are aware of additional facts that would suggest a possible violation of the ethics laws, you can refile your complaint.”
“In order for a court to issue a writ of mandamus, a petitioner ‘must show that he has a clear legal right to the performance of a clear legal duty by a public officer and that he has no other legal remedies available to him.’ ” Holcomb v. Department of Corrections, 609 So.2d 751, 753 (Fla. 1st DCA 1992) (quoting Hatten v. State, 561 So.2d 562, 563 (Fla.1990)). Florida Administrative Code *1133 Rule 34-5.002, which governs the processing of complaints brought before the Commission, provides that:
(3) If the Executive Director finds that the complaint is not sufficient to invoke the jurisdiction of the Commission, the complaint shall be brought before the Commission in executive session with the recommendations of the Executive Director. The Commission may find the complaint to be sufficient and order an investigation; may find the complaint to be insufficient, dismiss it, and notify the complainant that no investigation will be made; or may take such other action as may be appropriate. In any case where a complaint is found legally insufficient and dismissed, a summary of the reasons for dismissing the complaint together with the complaint itself and all documents related thereto shall become a public record and constitute a public report.
Fla. Admin. Code R. 34-5.002 (emphasis supplied). Thus, where a complaint is found to be legally insufficient to invoke the Commission’s jurisdiction, the Commission is required by its own rule to engage in what is essentially a two-step process:
1. Upon concluding that a complaint is legally insufficient, the Executive Director must bring the complaint “before the Commission in executive session with the recommendations of the Executive Director.”
2. The Commission may then take one of three steps:
a. Find the complaint sufficient and order an investigation.
b. Find the complaint insufficient, dismiss it, and notify the complainant that no investigation will be made.
e. Take such other action as may be appropriate.
That the second step of the rule provides for dismissal where a complaint is found to be legally insufficient necessarily implies that a preliminary case file would have been opened by the time the case was brought before the Commission for review. Simply returning the complaint, however inartfully pled or apparently frivolous, to a complainant without following the above-indicated steps is insufficient.
Although the Rule does contain the broad, catch-all language that the Commission “may take such other action as may be appropriate” when a complaint is found to be insufficient to invoke the Commission’s jurisdiction, this language does not change the outcome here because the error inherent in this case occurred in the first step of the processing sequence. The Executive Director does not appear to have brought the complaint “before the Commission in executive session with [her] recommendations” as expressly required by the rule. Instead, she appears to have unilaterally determined that the complaint was legally insufficient to invoke the Commission’s jurisdiction, and returned the complaint to the petitioner without taking any action thereupon.
We note that this analysis passes no judgment on the issue of whether the petitioner’s complaint is, as the Ethics Commission alleges, outside the Commission’s jurisdiction. Even assuming that this is an accurate portrayal of the complaint — as well it may be — that issue is beyond the scope of what the petitioner is asking this court to do: order the Commission to docket his complaint and initiate an investigation into his allegations of prosecutorial misconduct. While the Commission is under no obligation to initiate an investigation, it was required, at a very minimum, to process the petitioner’s complaint in accordance with the dictates of Florida Administrative Code Rule 34-5.002. Man *1134 damus is an appropriate remedy to correct this error.
Accordingly, the petition for writ of mandamus is GRANTED. The Florida Commission on Ethics is directed to accept for filing the petitioner’s complaint originally received by the Commission on October 3, 2012, and to process the complaint in accordance with the requirements of Florida Administrative Code Rule 34-5.002.
PADOVANO, ROBERTS, and CLARK, JJ., concur.