SASSO, J.
*369 Petitioner, Raymond Adams, seeks second-tier certiorari review of final disciplinary action by the Department of Corrections. We deny the petition for writ of certiorari, concluding that even if the circuit court's reason for denying the petition was incorrect, it reached the correct result because Petitioner could not demonstrate any constitutionally protected liberty interest was implicated in the disciplinary proceeding.
Petitioner, an inmate, was charged with a disciplinary infraction that, after a disciplinary hearing, resulted in his thirty-day assignment to the disciplinary squad. After exhausting administrative remedies, Petitioner sought mandamus relief in the circuit court, alleging that the Department committed numerous due process and administrative rule violations during the investigation and processing of his charge. The circuit court denied the petition, essentially finding that no due process violation occurred. Petitioner now seeks certiorari review, alleging the circuit court improperly denied his mandamus petition without first issuing an Order to Show Cause to the Department. We agree with the Department that the circuit court properly denied Petitioner's request because the petition, on its face, demonstrated Petitioner is not entitled to relief. See Holcomb v. Dep't of Corr. , 609 So.2d 751, 753 (Fla. 1st DCA 1992) (reiterating that when court receives petition for writ of mandamus, its initial task is to assess legal sufficiency of allegations; if allegations are insufficient, court may deny petition or dismiss factually insufficient claims).
It is undisputed that the due process clause entitles inmates in disciplinary proceedings to certain minimum procedures to protect their liberty interests. Wolff v. McDonnell , 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). However, the due process clause does not protect every change in the conditions of confinement having a substantial adverse impact on an inmate. Meachum v. Fano , 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Instead, a protected liberty interest arises only when a restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner , 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Those disciplinary actions that fall "within the range of confinement to be normally expected" do not implicate due process concerns. See id. at 487, 115 S.Ct. 2293.
Here, Petitioner's discipline was an assignment to the disciplinary squad for thirty days. This is not the type of "atypical" or "significant" hardship sufficient to give rise to a liberty interest protected by the due process clause. See Monteleone v. Palmer , No. 5:09cv202-RH/MD, 2009 WL 3067069, at *3 (N.D. Fla. Sept. 21, 2009) ("[P]laintiff's assertion that he was assigned to the disciplinary squad for 30 days which is 'physically demanding and labor intensive,' fails ... to state an actionable claim under the standard set forth in Sandin . "). Accordingly, Petitioner has failed to establish that the circuit court departed from the essential requirements of the law in denying his mandamus petition. See Broward Cty. v. G.B.V. Int'l, Ltd. , 787 So.2d 838, 843 (Fla. 2001) (reiterating that on second-tier certiorari review, the district court of appeal "determines [1] whether the circuit court afforded procedural due process and [2] applied the correct *370 law" (citation omitted); Dep't of Highway Safety & Motor Vehicles v. Morrical , 262 So.3d 865, 866, 2019 WL 164865 (Fla. 5th DCA Jan. 11 2019) (same); see also Haines City Cmty. Dev. v. Heggs , 658 So.2d 523, 530 (Fla. 1995) (stating that the two-prong standard of review applicable to second-tier certiorari review is "merely [an] expression[ ] of ways in which the circuit court decision may have departed from the essential requirements of the law").
PETITION FOR WRIT DENIED.
EVANDER, C.J., and GROSSHANS, J., concur.